# Exhibit 1 to Settlement Agreement

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WAYNE BLAND, et al., ) | |
| Plaintiffs, ) | Case No. 18-cv-3673 |
| ) | |
| v. ) | Honorable Andrea R. Wood |
| ) | |
| EDWARD D. JONES & CO., L.P., ) | |
| Defendant. ) | |

**GENERAL RELEASE AND INDEMNIFICATION AGREEMENT
(NAMED PLAINTIFFS)**

In consideration of my receipt of any court-approved Service Award of the Settlement *Bland et al. v. Edward D. Jones & Co., L.P.*, Case No. 18-cv-3673 (the "Action"), I hereby agree to be bound by the terms of this General Release and Indemnification Agreement (the "Agreement"), as follows:

**I.    DEFINITIONS**

Unless otherwise specified in this Agreement, the terms used herein shall have the same meanings as those set forth in the Settlement Agreement.

**II.    COMPLETE GENERAL RELEASE OF CLAIMS**

I hereby waive, release, discharge, and covenant not to sue Edward D. Jones & Co., L.P. ("Edward Jones") including its current and former owners, directors, officers, employees, former employees, agents, owners, officials, shareholders, general partners, limited partners, service partners, subordinated limited partners, predecessors, successors, assigns, fiduciaries, insurers, employee benefit plans, plan administrators, parties in interest, trustees or administrators of Employer's plans or employee benefit plans, representatives, and/or attorneys ("Released Parties"), from and with respect to any and all actions, causes of action, suits, liabilities, claims, and demands, whether known or unknown, asserted or unasserted, foreseen or unforeseen, which I ever had or may have from the beginning of time until the date this Release Agreement is executed against any of the Released Parties in connection in any way with my employment at Edward Jones that could have been or can be asserted by me or on my behalf against any of the Released Parties in any federal, state, local, or foreign court, commission, department, agency, arbitration, or other forum, under any common law theory or under any fair employment, employment, contract, agreement, tort, federal, state, or local law, regulation, ordinance, executive order, or any other authority. I intend this release to be general and comprehensive in nature and to release all claims and potential claims against the Released Parties to the maximum extent permitted at law. Claims I am releasing include specifically, by way of description but not by way of limitation, any and all claims: (i) arising out of or relating in any way to the alleged facts,

circumstances, and occurrences underlying the allegations of violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and similar federal, state, and local laws that were asserted or could have been asserted in the Action by me or on my behalf; (ii) arising out of or relating in any way to the alleged facts, circumstances, and occurrences underlying the allegations of violations of Title VII, Section 1981, and similar federal, state, and local laws that were asserted or could have been asserted by me or on my behalf in a charge of discrimination filed against Edward Jones and/or the Released Parties with the EEOC and/or state agencies; (iii) relating to my employment or termination of my employment; (iv) arising out of or in any way related to any federal, state, or local law prohibiting discrimination, harassment, or retaliation on the basis of age, race, color, religion, disability, sex, national origin, citizenship, or any other protected category, including, without limitation, claims under Title VII, Section 1981, the Age Discrimination in Employment Act, and the Americans With Disabilities Act or any other similar statutes whatever the country of enactment; and (v) arising out of or in any way related to any transactions, occurrences, acts, statements, disclosures, or omissions occurring prior to the date that this Release Agreement is executed. I understand that this release includes all related claims for monetary damages, injunctive, declaratory, or equitable relief, and costs and attorneys' fees, whether arising under Title VII, Section 1981, or any other federal, state, local, or common laws or regulations. I understand that I do not waive or release any claims that cannot be released by operation of law. I understand that this release specifically does not waive or release any: (a) workers' compensation claims; (b) claim or right I may have under COBRA; (c) if I am a current or former California employee, any claim or right I may have for California unemployment insurance, state disability, and/or paid family benefits; or (d) any whistleblower claims pursuant to the Dodd-Frank Act or the Sarbanes-Oxley Act of 2002. I also understand that this Agreement specifically does not waive or release any entitlement I have, if any, to deferred compensation or any benefit amounts that have vested or will vest following the Release Date, according to the terms of any Edward Jones benefit plan.

In furtherance of my intent to waive, release, discharge, and covenant not to sue the Released Parties from any and all claims, "whether known or unknown," I hereby waive all rights and benefits conferred on me by Section 1542 of the California Civil Code if I am a current or former California employee, or any law of any state or territory of the United States, or principal of common law which is similar, comparable, or equivalent to Section 1542 of the California Civil Code, which states (parentheticals added):

> A general release does not extend to claims that the creditor or releasing party (e.g., I) does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party (e.g., the Released Parties).

I understand that this means that if, after the Effective Date of this Agreement, I discover facts, acts, or omissions different from or in addition to those that I know or believe to be true on the date I sign this Agreement, the releases in this section shall be and remain effective in all respects notwithstanding such different or additional facts, acts, or omissions or my later discovery of such different or additional facts, acts, or omissions.

Notwithstanding anything to the contrary herein, this General Release and Indemnification Agreement shall not operate to release, waive, or discharge any claims asserted in *Bland, et al. v. Bland et al. v. Edward D. Jones & Co., L.P., et al.*, Case No. 18-cv-01832 (N.D. Ill.). The claims asserted in *Bland et al. v. Edward D. Jones & Co., L.P., et al.*, Case No. 18-cv-01832 (N.D. Ill.) are expressly excluded from this General Release and Indemnification Agreement.

### III.    ADEA WAIVER

I recognize that in addition to all other claims being released herein, I am releasing any claims I may have for age discrimination under the Age Discrimination in Employment Act ("ADEA"). Accordingly, I have the right to consider this Agreement for a period of twenty-one (21) days before executing it, and I have an additional seven (7) days after executing it to revoke it under the terms of the Older Workers Benefit Protection Act. This Agreement will become effective and enforceable seven (7) days following the execution of this Agreement, unless it is revoked during the seven (7) day period, in which case this Agreement will be ineffective and unenforceable. By my signature below, I represent and warrant that I have been advised of these rights, that I have been advised that I have a right to consult with an attorney, and that I have discussed them with my attorney to the extent I thought necessary. I intend this to be a fully binding and enforceable release of all claims, including claims under the ADEA.

### IV.    INDEMNIFICATION

I understand that I am responsible for payment of any and all federal, state, or local taxes (excluding the employer's share of payroll taxes and withholdings in connection with any Monetary Award I may receive) resulting from or attributable to any money that I receive. Accordingly, I agree to indemnify and hold harmless the Released Parties, Class Counsel, and the bank at which the Settlement Fund is held from any tax liability relating to my receipt of the award, including penalties and interest and costs of any proceedings. I further agree to indemnify and hold harmless the Claims Administrator and Special Master from any tax liability, including penalties and interests and costs of any proceedings, attributable to my own acts or omissions.

### V.    NON-ADMISSION

Nothing contained in this Agreement shall be deemed or construed as an admission by any party of wrongdoing or liability, and each party expressly denies any such wrongdoing or liability.

### VI.    OTHER AGREEMENTS AND REPRESENTATIONS

A. <u>Confidentiality</u>. In accordance with Section IX.I of the Settlement Agreement, I agree to keep the amount of any Monetary Award confidential, except that I may disclose the amount to immediate family, legal counsel, or tax advisors, or as otherwise required by law.

B. <u>Pursuit of Released Claims</u>. Except for the Action and *Bland et al. v. Edward D. Jones & Co., L.P., et al.*, Case No. 18-cv-01832 (N.D. Ill.), and any administrative charges filed with respect to the claims asserted therein, I represent and warrant that I have not filed or caused to be filed any lawsuit, complaint, or action with respect to any claim that I am releasing herein, and I promise never to file or prosecute a lawsuit, complaint, or action based on such released

claims. I promise never to seek any damages, remedies, or other relief for myself personally (any right to which I hereby waive) by filing or prosecuting a charge with any administrative agency with respect to any such claim.

    C. <u>Permitted Disclosures</u>.  Nothing in this Agreement is intended to limit in any way my right or ability to file a charge or claim of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), the National Labor Relations Board, or comparable state or local agencies. These agencies have the authority to carry out their statutory duties by investigating the charge, issuing a determination, or taking any other action authorized under the statutes such agencies enforce. I retain the right to participate in any such action, provided that I hereby waive any right I otherwise would have to recover monetary damages, including costs and attorneys' fees, in connection with any charge, complaint, or lawsuit filed by me or by anyone else on my behalf. I retain the right to communicate with the EEOC and comparable state or local agencies and such communication can be initiated by me or in response to a communication from any such agency, and is not limited by any obligation contained in this Agreement. Further, nothing herein or in any other agreement or Edward Jones policy prohibits or restricts me from reporting possible violations of federal, state, or local law or regulation to, or discussing any such possible violations with, any governmental agency or entity or self-regulatory organization, including by initiating communications directly with, responding to any inquiry from, or providing testimony before any federal, state, or local regulatory authority or agency or self-regulatory organization, including without limitation the Securities and Exchange Commission, FINRA, and the Occupational Safety and Health Administration (collectively, the "Regulators"), or making any other disclosures that are protected by the whistleblower provisions of any federal, state, or local law or regulation. I understand and acknowledge that I do not need the prior authorization of Edward Jones to engage in such communications with the Regulators and I further understand that I am not required to notify Edward Jones that I have engaged in such communications with the Regulators.

    D. <u>Ownership of Claims</u>.  I represent and warrant that I have not assigned or transferred any claim I am purporting to release.

    E. <u>Entire Agreement</u>.  This Agreement may not be modified in any manner, except by a writing signed by both me and an authorized Edward Jones attorney. I acknowledge that Edward Jones has made no representations or promises to me, and that I have not relied on any representations or promises, other than those in or referred to by this Agreement and the Settlement Agreement.

    F. <u>Successors and Assigns</u>.  This release binds my heirs, administrators, representatives, executors, successors, and assigns.

    G. <u>Interpretation</u>.  This Agreement shall be construed as a whole according to its fair meaning. Unless the context indicates otherwise, the term "or" shall be deemed to include the term "and" and the singular or plural number shall be deemed to include the other. This Agreement shall be governed by federal law.

AGREED:

_____
[SIGNATURE]


_____
[PRINT NAME]


_____
Date