# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WAYNE BLAND, FELICIA SLATON-YOUNG, and NYISHA BELL, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>EDWARD D. JONES & CO., L.P.,<br><br>  Defendant. | Case No. 18-cv-3673<br><br>Hon. Judge Andrea R. Wood |

### [PROPOSED] PRELIMINARY APPROVAL ORDER

Upon consideration of Plaintiffs' Motion for Class Certification and Preliminary Approval of Class Action Settlement and Notice (the "Motion"), and the supporting materials filed by the Parties, including the Settlement Agreement and the exhibits attached thereto, under Rule 23 of the Federal Rules of Civil Procedure, it is ordered that the Motion is GRANTED.

Having reviewed the Parties' submissions, the Court further makes the following findings and rulings:

**I. DEFINITIONS**

This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement.

**II. JURISDICTION**

This Court has jurisdiction over the subject matter of the litigation and over all Parties to this litigation, including all members of the Class as defined below.

1

456080

**III. NO DETERMINATION**

Neither the Settlement Agreement, nor this preliminary approval order, nor the fact of a settlement are an admission or concession by Edward Jones of any liability or wrongdoing.

**IV. CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY**

The Court finds that the proposed Class meets the requirements of Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3). Accordingly, for purposes of settlement only, and pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3), the Court conditionally certifies a Settlement Class composed of:

> All African American and/or Black field-based Financial Advisors employed by Edward Jones as Financial Advisors in the United States and were eligible to serve Edward Jones clients and earn commissions at any time between May 24, 2014 and December 31, 2020.

The Class Members allege claims for race discrimination and retaliation brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), and/or 42 U.S.C. § 1981.

**V. APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**

The Court finds that Plaintiffs and their counsel are adequate representatives of the Class. The Court appoints Wayne Bland, Felicia Slaton-Young, and Nyisha Bell as Class Representatives, and the law firm of Stowell & Friedman, Ltd., and Linda D. Friedman, Suzanne E. Bish, and George S. Robot as Class Counsel.

**VI. EFFECT OF TERMINATION OF SETTLEMENT AGREEMENT OR NON-OCCURRENCE OF THE EFFECTIVE DATE**

The conditional certification of the Class and appointment of the Class Representatives and Class Counsel are solely for the purposes of effectuating the Settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the Court fails to enter the Order Granting Final Approval or fails to enter the Judgment, this Preliminary Order is modified,

456080

reversed, or set aside on further judicial review, or if the Effective Date does not occur for any reason, the foregoing conditional certification of the Class and appointment of Class Representatives and Class Counsel shall be void and this Order shall be vacated, the Parties to the Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument, position, or privilege that any of the Parties to the Settlement Agreement might have asserted but for the Settlement Agreement, including, but not limited to, filing motions for class certification and Defendant's right to oppose such motions.

VII. **PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

   A. The Court has reviewed the terms of the proposed Settlement Agreement along with its exhibits, including specifically the Programmatic Relief provisions and the plan of allocation for the Settlement Fund, and the Plaintiffs' motion in support of preliminary approval. Based on a review of those papers and supporting materials, the Court concludes that the Settlement Agreement is fair, reasonable, adequate, and the result of extensive, arm's length negotiations between experienced counsel and Parties. The assistance of an experienced mediator in the settlement process also confirms that the Settlement is not collusive. Based on the Court's review, the Court concludes that the proposed Settlement Agreement is fair, reasonable, adequate, and within the range of preliminary settlement approval such that notice to the Class is appropriate.

   B. The Settlement Agreement is therefore PRELIMINARILY APPROVED. Final approval and entry of the Settlement Agreement is subject to the hearing of any objections of Class Members to the proposed Settlement Agreement.

VIII. **APPOINTMENT OF CLAIMS ADMINISTRATOR AND SPECIAL MASTER**

   A. The Court will appoint a Claims Administrator mutually agreeable to the Parties to serve as the Claims Administrator, whose duties are set forth in the Settlement Agreement.

3

456080

B. The Court appoints Professor Lynn Cohn as Special Master to perform the duties set forth in the Settlement Agreement and pursuant to Federal Rule of Civil Procedure 53. Any Neutrals that may be retained by the Special Master to evaluate the claims of Settlement Class Members shall similarly serve as appointments made pursuant to the Court's authority under Rule 53 of the Federal Rules of Civil Procedure.

## IX. APPROVAL OF THE FORM AND MANNER OF DISTRIBUTING CLASS NOTICE

A. The Court approves the substance and form of the attached Notices of Class Action, Proposed Settlement Agreement, and Settlement Fairness Hearing ("Notices") as reasonable, and adopts and incorporates them herein. The Court also approves the proposed plan for distributing the Notices, which the Court finds is a reasonable method calculated to reach all Class Members.

B. The Notices fairly, plainly, accurately, and reasonably inform Class Members and potential Class Members of appropriate information about: (1) the nature of this litigation, the Class, the identity of Class Counsel, and the essential terms of the Settlement Agreement, including programmatic relief and the plan of allocating the Settlement Fund; (2) Class Counsel's forthcoming application for attorneys' fees, the proposed Service Awards to the Class Representatives and other payments that will be deducted from the Settlement Fund; (3) how to participate in the Settlement; (4) this Court's procedures for final approval of the Settlement Agreement and Settlement, and Class Members' right to appear if they desire; and (5) how to challenge or opt out of the Settlement, if they wish to do so.

C. The Court finds and concludes that the proposed plan for distributing the Notices will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements.

D.  Accordingly, the Court hereby ORDERS as follows:

1.  The form of the Notices is approved;

2.  The manner of distributing the Notices is approved;

3.  Promptly following the entry of this Order, the Claims Administrator shall prepare final versions of the Notices, incorporating into them the relevant dates and deadlines set forth in this Order;

4.  No later than three (3) days after the Preliminary Approval Date, Edward Jones shall provide the Claims Administrator the names, relevant personnel information, and last known addresses of Class Members and potential Class Members in electronic format;

5.  Prior to the mailing of the Notices, the Claims Administrator will update any new address information for potential Class Members as may be available;

6.  No later than ten (10) days after the Preliminary Approval Date, the Claims Administrator will mail the Notices to the last known address or updated address, as appropriate, of each Class Member and potential Class Member by first-class mail, postage prepaid; and

7.  The Claims Administrator shall take all other actions in furtherance of claims administration as specified in the Settlement Agreement.

## X. REQUESTS FOR EXCLUSION

The Notices accurately set forth the procedures Class Members must follow to exclude themselves, or opt out, from the monetary benefits of the Settlement. Any request for exclusion must follow the procedures in the Settlement Agreement and Notices and be postmarked no later

456080

than thirty (30) days after the Notices are mailed to Class Members. Class Counsel shall file with the Court all timely Opt-Out Requests.

## XI. OBJECTIONS TO THE PROPOSED SETTLEMENT

The Notices accurately set forth the procedures Class Members must follow to comment on or object to the terms of the Settlement Agreement by filing the comment or objection with the Court and serving copies on Class Counsel and Defendant's Counsel. Any comment or objection must follow the procedures in the Settlement Agreement and Notices and must be postmarked within thirty (30) days after the Notices are mailed to Class Members. Class Counsel will file with the Court all timely submitted and served objections with the Motion for Final Approval.

## XII. PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

A. <u>Motion for Final Approval</u>. The deadline for Class Counsel to file a motion for final approval of the proposed class action settlement and to address any objections to the Settlement Agreement, including Class Counsel's motion for an award of attorneys' fees and costs, is **DATE**_____.

B. <u>Fairness Hearing</u>. A hearing shall be held in Courtroom 1925, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL, at _____ a.m./p.m. on **DATE**_____, to consider motions for final approval of the proposed Settlement Agreement, Class Counsel's motion for an award of attorneys' fees and costs, and any motion for Service Awards to the Named Plaintiffs. The procedures for Class Members to comment on and/or object to the Settlement Agreement and to appear at the Fairness Hearing are set forth in the Notices.

XIII. **CONFIDENTIALITY**

The Court enjoins disclosure to third parties of the documents and information discussed or exchanged during the Parties' confidential settlement negotiations and mediation.

XIV. **OTHER CASES ENJOINED**

A. Pending Final Approval, the Court preliminarily enjoins each Class Member, including any members who made an irrevocable election to opt out of the monetary relief provisions of the Settlement, from commencing, prosecuting, or maintaining in any court or forum other than this Court any claim, action, or other proceeding that challenges or seeks review of or relief from any act of the Court in connection with this Action.

B. The Court enjoins Class Members from commencing, prosecuting, or maintaining directly, representatively, or in any other capacity any Released Claim against any of the Released Parties, unless and until such time as the Class Member makes an irrevocable election to opt out of the monetary relief provision of the Settlement.

SO ORDERED this _____ day of _____ 2021.

_____
Judge Andrea R. Wood
United States District Judge