IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WAYNE BLAND, FELICIA SLATON-YOUNG, and NYISHA BELL, on behalf of themselves and all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> EDWARD D. JONES & CO., L.P. <br><br> Defendant. | Case No. 18-cv-3673 <br><br> Hon. Judge Andrea R. Wood <br><br> Jury Trial Requested |

**JOINT MOTION FOR LEAVE TO FILE**
**EXHIBIT 4 OF SETTLEMENT AGREEMENT UNDER SEAL**

The parties, by and through their attorneys, hereby submit this Joint Motion for Leave to File Exhibit 4 of Settlement Agreement Under Seal and respectfully request that this Court seal Exhibit 4 to the Settlement Agreement (the "Settlement Agreement").

1. This case was commenced before this honorable Court in May 2018. (Dkt. 1.)

2. After years of litigation and settlement discussions, the parties have resolved this matter and entered into the class Settlement Agreement, which has been submitted to the Court for approval.

3. As is common in class action settlements, the Settlement Agreement grants Defendant Edward D. Jones & Co., L.P. ("Edward Jones") the right to withdraw from the Settlement if a certain percentage of class members opt out. *See* Settlement Agreement, Paragraph IV.G.1 (the "Withdrawal Provision"), attached as Exhibit A to Plaintiffs' Unopposed Motion for Provisional Class Certification, Preliminary Approval of Class Action Settlement, and Approval and Distribution of Notice to Class of Settlement, Dkt. 119. The Withdrawal Provision states:

>If the number of Class Members who have duly requested exclusion from the Class in the manner provided in the Court's Preliminary Approval order exceeds the termination-threshold number set forth in Exhibit 4 filed with the Court under seal concurrently with this Settlement Agreement, Defendant shall have the right, for ten (10) days after the deadline.

4.   Plaintiffs and Edward Jones seek to file Exhibit 4 to the Settlement Agreement under seal, which identifies the termination-threshold percentage discussed in the Withdrawal Provision.

5.   Pursuant to Local Rule 26.2 of the United States District Court for the Northern District of Illinois, this Court may order that documents be filed under seal "for good cause shown." In determining whether good cause exists, "a district court must balance the harm to the party seeking the protective order against the importance of disclosure to [the] public." *McGee v. City of Chicago*, No. 04-cv-6352, 2005 WL 3215558, *1 (N.D. Ill. June 23, 2005).

6.   Good cause exists to seal Exhibit 4 to the Settlement Agreement. Courts routinely hold that exhibits to settlement agreements that identify the termination threshold number, like Exhibit 4 to the Settlement Agreement here, are confidential and should remain under seal. *Friedman v. Guthy-Renker*, LLC, No. 2:14-cv-6009, 2016 WL 5402170, at *2 (C.D. Cal. Sept. 26, 2016); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 948 (9th Cir. 2015) ("The opt-out provision . . . allows [the defendant] to opt out if a certain percentage of class members opt out of the settlement. Only the exact threshold, for practical reasons, was kept confidential."); *In re HealthSouth Corp. Securities Litigation*, 334 Fed. App'x 248, 250 n.4 (11th Cir. 2009) ("The threshold number of opt outs required to trigger the blow provision is typically not disclosed and is kept confidential to encourage settlement and discourage third parties from soliciting class members to opt out."); *Columbus Drywall & Insulation, Inc. v. Masco Corp.*, 258 F.R.D. 545, 560 (N.D. Ga. 2007) ("[T]he agreements merely provide a point where defendants can unilaterally terminate the agreement if the opt-outs reach a certain threshold. . . . [T]he Court

2

does not find it necessary to make these agreements public."); *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 253 (D. Del. 2002) ("The notice did not need to include details such as . . . the confidential 'opt-out' threshold beyond which defendant reserved the right to withdraw from the settlement") *aff'd*, 391 F.3d 516 (3d Cir. 2004); *Thomas v. Magnachip Semiconductor Corp.*, No. 14-cv-1160, 2016 WL 3879193, at *7 (N.D. Cal. July 18, 2016) ("There are compelling reasons to keep this information confidential, in order to prevent third parties from utilizing it for the improper purpose of obstructing the settlement and obtaining higher payouts."); *see also* David F. Herr & Ann, MANUAL COMPLEX LIT. § 21.631 at 319 (4th ed. 2018) ("Opt-out agreements . . . may warrant confidential treatment. Knowledge of the specific number of opt outs that will vitiate a settlement might encourage third parties to solicit class members to opt out. A common practice is to receive information about such agreements in camera.").

7. For precisely this reason, courts routinely permit documents like Exhibit 4 to the Settlement Agreement to be filed under seal. These courts reason that settlement class members might use the knowledge of the termination threshold number as leverage to extract more favorable payouts. Similarly, third parties might use the number to leverage for themselves "higher payouts" on threat "of obstructing the settlement[.]" *Thomas*, 2016 WL 3879193, at *7. In two recent race discrimination class action settlement, courts in this District granted the parties' motion to seal an analogous exhibit. *See Senegal v. JPMorgan Chase Bank N.A.*, No. 18-cv-6006 (N.D. Ill. Sept. 12, 2018) (Shah, J.), ECF No. 17; *Slaughter v. Wells Fargo*, No. 13-cv-6368 (N.D. Ill. Jan. 17, 2017) (Leinenweber, J.), ECF No. 103. In order to preserve the Settlement Agreement, it is in Plaintiffs' and Defendant's interest to keep Exhibit 4 to the Settlement Agreement confidential.

8. Finally, the parties' requested relief is to seal only a limited, supplemental portion of the Settlement Agreement. If this Court grants this narrowly tailored relief, the remainder of the Settlement Agreement and its exhibits would remain available to the public.

WHEREFORE, the parties respectfully move this Court to seal Exhibit 4 to the Settlement Agreement.

Dated: March 19, 2021                        Respectfully submitted,

| **STOWELL & FRIEDMAN, LTD.** | **DOWD BENNETT LLP** |
|---|---|
| By: /s/ *Suzanne E. Bish* <br> Linda D. Friedman <br> Suzanne E. Bish <br> George S. Robot <br> 303 W. Madison St., Suite 2600 <br> Chicago, Illinois 60606 <br> (312) 431-0888 (telephone) <br> (312) 431-0228 (facsimile) <br> lfriedman@sfltd.com <br> sbish@sfltd.com <br> grobot@sfltd.com <br><br> *Attorneys for Plaintiffs* | By: /s/ *James F. Bennett* <br> James F. Bennett (*pro hac vice*) <br> Jennifer S. Kingston (*pro hac vice*) <br> Michelle D. Nasser <br> 7733 Forsyth Blvd., Suite 1900 <br> St. Louis, Missouri 63105 <br> (314) 889-7300 (telephone) <br> (314) 863-2111 (facsimile) <br> jbennett@dowdbennett.com <br> jkingston@dowdbennett.com <br> mnasser@dowdbennett.com <br><br> **BRESSLER AMERY ROSS, P.C.** <br><br> Brian F. Amery (*pro hac vice*) <br> Carole Miller (*pro hac vice*) <br> Stuart D. Roberts (*pro hac vice*) <br> 2001 Park Place, Suite 1500 <br> Birmingham, Alabama 35203 <br> (205) 719-0400 (telephone) <br> (205) 719-0500 (facsimile) <br> bamery@bressler.com <br> cmiller@bressler.com <br> sroberts@bressler.com <br><br> *Attorneys for Defendant* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WAYNE BLAND, FELICIA SLATON-YOUNG, and NYISHA BELL, on behalf of themselves and all others similarly situated,<br><br>        Plaintiff,<br>  v.<br><br>EDWARD D. JONES & CO., L.P.<br><br>        Defendant. | Case No. 18-cv-3673<br><br>Hon. Judge Andrea R. Wood<br><br>Jury Trial Requested |

## ORDER GRANTING PARTIES' JOINT MOTION
## FOR LEAVE TO FILE EXHIBIT 4 OF SETTLEMENT AGREEMENT UNDER SEAL

Pursuant to Local Civil Rule 26.2, and for good cause shown, the Court hereby GRANTS the parties' Joint Motion for Leave to File Exhibit 4 of Settlement Agreement Under Seal. The Clerk shall file Exhibit 4 to the Settlement Agreement UNDER SEAL.

SO ORDERED this _____ day of _____ 2021.

_____
Judge Andrea R. Wood
United States District Judge