**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| WAYNE BLAND, FELICIA SLATON-YOUNG, and NYISHA BELL, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br>　　v. <br><br> EDWARD D. JONES & CO., L.P. <br><br>　　Defendant. | No. 18-cv-03673 <br><br> Judge Andrea R. Wood |

**FINAL APPROVAL ORDER**

Having considered Plaintiffs' Motion for Final Approval of Class Action Settlement (the "Motion") and supporting materials, including the Settlement Agreement and the exhibits attached thereto, the oral arguments presented at the July 12, 2021 Final Approval Hearing, and the complete record in this matter, it is ordered that the Motion is **GRANTED** under Rule 23 of the Federal Rules of Civil Procedure.

The Court further makes the following findings and rulings:

**I.     DEFINITIONS**

This Final Approval Order incorporates by reference the definitions in the Settlement Agreement, attached as Exhibit B hereto, and all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement.

**II.     JURISDICTION**

This Court has jurisdiction over the subject matter of the litigation and over all Parties to this litigation, including all members of the Class as defined below.

### III. CLASS CERTIFICATION

In its Preliminary Approval Order, the Court conditionally certified the Class. The Court now rules that the Class satisfies all of the requirements for certification under Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3). Accordingly, for purposes of this Settlement, and pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), the Court certifies the following Class:

> All African American and/or Black field-based Financial Advisors employed by Edward Jones as Financial Advisors in the United States and were eligible to serve Edward Jones clients and earn commissions at any time between May 24, 2014 and December 31, 2020.

### IV. CLASS NOTICE

The Notices mailed to Class Members and potential Class Members, pursuant to this Court's Preliminary Approval Order, provided due process to Class Members and constituted the best notice practicable under the circumstances. The Notices fully and fairly described to Class Members the terms and impact of the Settlement, their rights and options under the Settlement, the claims resolution process, and how and by when to participate in and seek monetary recovery from the Settlement. The Notices also provided contact information to Class Members and potential Class Members for the Claims Administrator and Class Counsel should they have questions or seek assistance with the claims resolution process. The Notices gave Class Members and potential Class Members ample time and opportunity to review the Settlement, to obtain additional information about the Settlement from the Claims Administrator and/or Class Counsel, and to decide whether to opt out of the Settlement Class or object to the Settlement.

Notice was accomplished in all material respects. As set forth in the Declaration of Rachel McCown (Dkt. 129-11), on May 14, 2021, the Claims Administrator mailed Notice to 809 Class Members and to 208 potential Class Members. For Class Members whose mailings

2

were returned as undeliverable, the Claims Administrator conducted searches for correct mailing addresses and sent the Notice to those addresses found. As of July 1, 2021, it appears that only 7 Notices were undeliverable. As of July 1, 2021, approximately 99.3% of Class Members and potential Class Members appear to have received the mailed notices. The distribution of the Notices fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process under the United States Constitution, and any other applicable law.

On April 5, 2021, consistent with the Class Action Fairness Act ("CAFA"), the CAFA Notice was mailed to the Attorney General of the United States, to the Attorneys Generals of all 50 states, the District of Columbia, Guam, Puerto Rico, and the Virgin Islands, and to the Office of the Comptroller of the United States. No objections were received from any federal or state officials.

## V. FINAL APPROVAL OF SETTLEMENT AGREEMENT

The Court hereby grants the Motion and finally approves the Settlement as set forth in the Settlement Agreement. The Court has reviewed Plaintiffs' Motion and the terms of the proposed Settlement Agreement along with its exhibits, including specifically the injunctive relief provisions and the plan of allocation for the Settlement Fund. Based on a review of those papers, and the Court's familiarity with the case, the Court concludes that the Settlement Agreement is the result of extensive, arm's length negotiations between experienced counsel and parties after years of hard-fought litigation. The assistance of experienced mediators in the settlement process also confirms that the Settlement is not collusive.

Having considered the strength of Plaintiffs' and Defendant's case versus the amount of the settlement; the likely complexity, length, and expense of further litigation; the lack of opposition to the Settlement among the Class Members; the opinion of competent counsel; and

the substantial amount of investigation undertaken by the parties and their counsel, the Court finds that the Settlement is fair, reasonable and adequate, and well within the range of final approval.

The Court further finds that the response of the Class Members to the Settlement Agreement supports approval of the Settlement. As of July 1, 2021, only 2 opt-out statements were submitted. The 2 Class Members listed in Exhibit A to this Order have opted out of the monetary settlement of the Settlement Agreement without releasing any monetary claims they may have. Further, as of July 1, 2021, 1 objection from a Class Member remained, as well as the objection appearing at ECF 135. Given that the Class numbers at least 809, the small number of objections indicates strong support for the Settlement from the Class.

The Settlement Agreement attached hereto as Exhibit B is hereby approved and incorporated herein and shall become effective according to its terms. The Court hereby appoints Epiq to serve as the Claims Administrator. Within ten (10) days of the issuance of this Order, the Claims Administrator shall (a) mail to all Class Members and potential Class Members a Notice of Final Approval of Class Action Settlement ("Final Notice"), attached as Exhibit C, and (b) post a copy of this Order, the Final Notice, and the Claim Forms on the website maintained by the Claims Administrator, http://www.edwardjonesfasettlement.com. The Final Notice shall enclose both the Simple Claim Form and the Detailed Claim Form and shall inform Class Members that claim forms may be filed either electronically or by mail, and that the deadline for receipt of claim forms by the Claims Administrator is no later than 45 days after notice is mailed. The Court finds the proposed claims process is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the

Settlement Agreement by which payments are to be calculated and made to Settlement Class

Members filing timely claims are fair, reasonable and adequate.

## VI. APPOINTMENT OF SPECIAL MASTER

The Court appoints Lynn P. Cohn under Federal Rule of Civil Procedure 53 as Special

Master to perform the duties set forth in the Settlement Agreement. Any Neutrals that the Special

Master may retain to evaluate the claims of Settlement Class Members shall similarly serve as

appointments made pursuant to the Court's authority under Rule 53 of the Federal Rules of Civil

Procedure.

## VII. SERVICE AWARDS

The preliminary Class Notices included the exact amount of the requested service awards

for Class Representatives. No Class Member filed any objection to the service awards, which the

Court takes as an indication that the Class values the efforts of the Class Representatives on

behalf of the Class. In light of the lack of objection by the Class and the Motion and Declarations

submitted in support of the service awards, the Court approves service awards of $150,000.00 to

each of the three Class Representatives.

## VIII. CLASS COUNSEL'S ATTORNEYS' FEES AND COSTS

The Court has considered the favorable results obtained on behalf of the Class, the

market value of the legal services provided, the risk Class Counsel undertook in accepting the

representation, the magnitude and complexities of the litigation, the quantity and quality of the

legal services provided to the Class and that will continue to be provided through the claims

resolution process, and public policy considerations, and in evaluating the Plaintiffs' Motion for

Attorneys Fees and Costs. The Court finds the requested attorneys' fees to be reasonable and,

accordingly, the Court grants Class Counsel's requested attorneys' fees of $8,500,000.00. The

Court also approves reimbursement of the reasonable costs and expenses of $44,886.08 Class Counsel incurred in prosecuting this action.

## IX.     RELEASE AND EFFECT OF SETTLEMENT

By operation of this Final Approval Order, all released claims of Class Members, including the Named Plaintiffs, are fully, finally, and forever released, relinquished, and discharged pursuant to the terms of the Settlement Agreement, other than the individuals listed in Exhibit A to this Final Approval Order who timely opted out pursuant to the Court's Preliminary Approval Order. In addition, the claims covered by the Named Plaintiff Release of those Named Plaintiffs who choose to receive a service award in conjunction with this Settlement, as described in Exhibit 1 to the Settlement Agreement, are fully, finally, and forever released, relinquished, and discharged pursuant to the terms of the Settlement Agreement. The Court has reviewed the release provisions in the Settlement Agreement and in the Named Plaintiffs' Release, and finds the releases to be fair, reasonable, and enforceable under applicable law. All Released Claims pursuant to the Settlement Agreement are dismissed with prejudice as to all Settlement Class Members, other than those individuals listed in Exhibit A to this Final Approval Order.

Each Settlement Class Member, including any member who makes an irrevocable election to exclude himself or herself from the monetary relief provisions of the Settlement Agreement by failing to act, is permanently enjoined from commencing, prosecuting, or maintaining in any court or venue other than this Court any claim, action, or other proceeding that challenges or seeks review of or relief from any order, judgment, act, decision, or ruling of this Court in connection with the Settlement.

Each Class Member, except for the individuals listed in Exhibit A to this Final Approval Order, is permanently enjoined from commencing, prosecuting or maintaining in any forum,

either directly, representatively, or in any capacity, any claim that is subsumed within the Released Claims defined in Section III.A.30 of the Settlement Agreement, including all claims of race discrimination or related retaliation under federal, state or local laws, through December 31, 2020.

This Final Approval Order and Settlement Agreement are binding on all Settlement Class Members. Neither the Settlement Agreement, nor this Final Approval Order, nor the certification of the Class, nor the fact of a settlement, are an admission or concession by Edward Jones of any liability or wrongdoing. Neither the Settlement Agreement nor this Order is or shall be used or deemed to be an admission in any action or proceeding of any fault, liability, or wrongdoing by Defendant. Except in an action by a party to the Settlement Agreement alleging breach of the Settlement Agreement, neither the Settlement Agreement nor any of the negotiations or proceedings related thereto, nor this Final Approval Order, nor any related document or communication, shall be offered or received in evidence against any person or entity in any action or proceeding as an admission, concession, presumption, or inference as to the merits of any claim.

The Court hereby enjoins disclosure of confidential documents and information discussed or exchanged during the parties' confidential settlement negotiations and mediation to any third party not specified in the parties' confidentiality agreements.

Ten business days after the time for appeal of this Final Approval Order has either run without an appeal being filed or any appeal (including any requests for rehearing en banc, petitions for certiorari, or appellate review) has been finally resolved, the Third Amended Class Complaint shall automatically be dismissed with prejudice, except that the Court will retain continuing jurisdiction limited to resolving issues relating to the administration, implementation

and enforcement of the Settlement Agreement and this Final Approval Order. Ten business days after the Effective Date of the Settlement, as that term is defined in Paragraph III.A.16 of the Settlement Agreement,[1] the service awards approved in Section VII and the attorneys' fees and costs approved in Section VIII of this Final Approval Order shall be available for distribution to the Class Representatives and Class Counsel, respectively.  This Order shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

      **SO ORDERED** this 15th day of July, 2021.

 

                                       _____

                                       Andrea R. Wood
                                       United States District Judge

---

[1] "Effective Date" means the date on which all of the following have occurred: (1) the Court has finally approved and entered this Settlement Agreement and has signed and entered an order so indicating; (2) the Court has entered an Order and Judgment dismissing the Action with prejudice, with continuing jurisdiction limited to enforcing this Settlement Agreement; and (3) the time for appeal of the order finally approving this settlement has either run without an appeal being filed or any appeal (including any requests for rehearing en banc, petitions for certiorari, or appellate review) has been finally resolved.

**EXHIBIT A**

1. Nama Svein Soukouna

2. R. Kim Carson

**EXHIBIT B**

[Settlement Agreement]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| WAYNE BLAND, FELICIA SLATON-YOUNG, and NYISHA BELL, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Case No. 18-cv-3673 |
| v. | Hon. Judge Andrea R. Wood |
| EDWARD D. JONES & CO., L.P., | |
| Defendant. | |

## SETTLEMENT AGREEMENT

454439

# TABLE OF CONTENTS

I.  INTRODUCTION .................................................................................................... 1

II.  NATURE AND RESOLUTION OF THE CASE ........................................................ 1

    Motion Practice ...................................................................................................... 3

    Discovery ............................................................................................................... 4

    Settlement Negotiations ......................................................................................... 4

III.  GENERAL TERMS OF THE SETTLEMENT AGREEMENT ..................................... 8

    A.  Definitions ...................................................................................................... 8

    B.  Cooperation ................................................................................................... 14

    C.  Persons Covered by this Settlement Agreement ............................................ 14

        1.  Definition of "Class." ............................................................................ 14

        2.  Certification. ......................................................................................... 14

IV.  COURT APPROVAL/NOTICE AND FAIRNESS HEARING ................................... 15

    A.  Jurisdiction .................................................................................................... 15

    B.  Preliminary Approval ..................................................................................... 15

    C.  Notice ............................................................................................................ 16

    D.  Objections ...................................................................................................... 20

    E.  Exclusions / Opt Outs .................................................................................... 20

    F.  Fairness Hearing. ........................................................................................... 21

    G.  Defendant's Right to Withdraw or Modify the Settlement Agreement ............... 23

V.  RELEASE/BAR OF CLAIMS .............................................................................. 23

VI.  NO ADMISSION, NO DETERMINATION ............................................................ 25

VII.  PROGRAMMATIC RELIEF ................................................................................. 26

    A.  Duration of the Settlement. ............................................................................ 26

    B.  Release of Any Training Cost Obligations of Financial Advisors Who
        Departed Edward Jones Before January 1, 2021. ................................................ 26

    C.  Reduction of Training Cost Obligations. ......................................................... 26

    D.  Diversity Reporting to Executive Leadership ................................................... 27

    E.  Financial Advisor Advisory Council. .............................................................. 27

i

|   |   | 1. | Composition. | 27 |
|   |   | 2. | Purpose. | 27 |
| VIII. | MONETARY RELIEF | | | 27 |
|   | A. | Settlement Fund. | | 27 |
|   | B. | Administration of Settlement Fund. | | 28 |
| IX. | CLAIMS FILING AND CLAIMS RESOLUTION PROCESS FOR MONETARY AWARDS TO SETTLEMENT CLASS MEMBERS AND NAMED PLAINTIFFS. | | | 29 |
|   | A. | Claims Filing Procedures for Monetary Relief | | 29 |
|   | B. | Claims Resolution Process for Settlement Class Members Who Submit a Claim. | | 29 |
|   | C. | Simple Claim Form and Expedited Monetary Awards | | 31 |
|   | D. | Detailed Claim Form and Individualized CRP | | 31 |
|   | E. | Special Master. | | 34 |
|   | F. | Class Counsel Assistance to Class Members | | 35 |
|   | G. | Confidentiality of Claims Resolution Process and Settlement Administration. | | 36 |
|   | H. | Distribution of Monetary Awards. | | 37 |
|   | I. | Confidentiality Regarding Amount of Monetary Award. | | 37 |
|   | J. | Non-Admissibility of Fact of Award (or Non-Award) | | 38 |
|   | K. | Tax Treatment. | | 38 |
|   |   | 1. | Qualified Tax Status and Tax Responsibilities. | 38 |
|   |   | 2. | Payment of Federal, State, and Local Taxes | 38 |
|   | L. | Defendant Has No Further Obligation, Liability or Responsibility | | 40 |
| X. | ATTORNEYS' FEES AND EXPENSES OF CLASS COUNSEL AND SERVICE AWARDS TO NAMED PLAINTIFFS. | | | 41 |
| XI. | ENFORCEMENT AND DISPUTE RESOLUTION MECHANISMS | | | 42 |
| XII. | CONFIDENTIALITY | | | 42 |
|   | A. | Public Comment. | | 42 |
|   | B. | Documents and Information Produced by Defendant and Class Counsel. | | 43 |
| XIII. | OTHER TERMS AND CONDITIONS OF SETTLEMENT. | | | 43 |
|   | A. | Governing Law. | | 43 |
|   | B. | Entire Agreement. | | 43 |

C.  Exhibits. ........................................................................................................... 44

D.  Modifications. .................................................................................................. 44

E.  Notices to Counsel. ......................................................................................... 44

F.  Failure to Insist on Strict Compliance. ............................................................ 44

G.  Settlement Agreement Binding ........................................................................ 44

H.  No Drafting Presumption. ................................................................................ 44

I.  Dispute as to Meaning of Agreement Terms. ................................................... 45

J.  Interpretation of Terms ................................................................................... 45

K.  Severability. .................................................................................................... 45

L.  Integration ...................................................................................................... 45

M.  Paragraph and Section Headings.. ................................................................... 45

N.  Counterparts. .................................................................................................. 45

O.  Agreement Binding. ......................................................................................... 45

P.  Parties' Authority. ........................................................................................... 46

## I.    <u>INTRODUCTION</u>

Subject to approval by the Court, this Settlement Agreement ("Settlement Agreement") sets forth the full and final terms by which the Named Plaintiffs, on behalf of themselves and the Settlement Class Members, and Edward D. Jones & Co., L.P. ("Edward Jones" or "Defendant") (collectively, the "Parties") have settled and resolved all race and color employment discrimination and related retaliation claims that have been raised or could have been raised on the facts alleged in the Civil Action captioned *Wayne Bland, Felicia Slaton-Young, and Nyisha Bell v. Edward D. Jones & Co., L.P. and The Jones Financial Companies, L.L.L.P.*, No. 18-cv-3673, pending in the United States District Court for the Northern District of Illinois (the "Court") before the Honorable U.S. District Judge Andrea R. Wood. This Settlement Agreement applies to all African American and/or Black Financial Advisors ("FAs") employed by Edward Jones as FAs in the United States at any time between May 24, 2014 and December 31, 2020.

## II.    <u>NATURE AND RESOLUTION OF THE CASE</u>

A.    Named Plaintiff Wayne Bland, an African American Financial Advisor employed by Edward Jones, retained Class Counsel to represent him against Edward Jones in connection with what he believed to be individual and systemic race discrimination.

B.    Class Counsel conducted an extensive investigation into the individual and class-wide claims at issue. They conducted in-depth interviews of potential class members across the United States and reviewed and analyzed company documents and publicly available information, including information about Edward Jones, the financial services industry, and United States Census data reflecting the demographics of financial advisor office territories.

C.    As a result of its investigation, Class Counsel filed a representative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") for Plaintiff Bland on November 23, 2016.

D.    On May 24, 2018, Bland filed the Complaint to initiate a putative class action on behalf of himself and a nationwide class of African American Financial Advisors ("FAs") against the Defendant pursuant to 42 U.S.C. § 1981. Dkt. 1. The Complaint alleged that Edward Jones employed Firm-wide policies and practices that harm African American FAs and result in significant racial disparities in pay and attrition.

E.    On July 27, 2018, the Complaint was amended (the "Amended Complaint") to add Plaintiff Bland's individual and class claims of disparate treatment and disparate impact discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"). The Amended Complaint also added Named Plaintiff and Putative Class Representative Felicia Slaton-Young, who also filed a representative charge of discrimination with the EEOC on September 14, 2018. Dkt. 9.

F.    On September 25, 2018, Defendant filed an Answer to the Amended Complaint, denying the allegations therein. Dkt. 25.  On September 25, 2018, Defendant also filed a Motion to Transfer Venue or, Alternatively, to Dismiss the Amended Complaint. Dkt. 22.

G.    On November 26, 2018, after Plaintiff Slaton-Young received her Notice of Right to Sue from the EEOC, Plaintiffs filed a second amended Complaint ("Second Amended Complaint") with leave of Court, to add Plaintiff Slaton-Young's individual and class-wide claims of disparate treatment and disparate impact discrimination pursuant to Title VII and to add Named Plaintiff and Putative Class Representative Nyisha Bell. Dkt. 33. Nyisha Bell also filed a representative charge of discrimination with the EEOC on November 23, 2018.

H.    On December 30, 2020, Plaintiffs filed a third amended Complaint ("Third Amended Complaint"), with Defendant's consent, to add Plaintiff Bell's individual and class-wide claims of disparate treatment and disparate impact discrimination pursuant to Title VII and state laws, and to dismiss The Jones Financial Companies, L.L.L.P. as a defendant. Dkt. 111.

2

Motion Practice

I.      On January 4, 2019, Defendant filed two separate motions to dismiss and to transfer

the Second Amended Complaint. Dkts. 37, 39. In these motions, Defendant moved to dismiss all

of the individual and class action claims, or alternatively, to transfer the entire case to the District

Court for the Eastern District of Missouri, where Defendant is headquartered. Plaintiffs filed their

responses to Defendant's motions on March 1, 2019 (Dkt. 52) and March 8, 2019 (Dkt. 54).

Defendant filed its reply brief on March 22, 2019. Dkt. 60.  Plaintiffs submitted new authority and

the Parties made additional submissions to the Court thereafter. Dkts. 84, 86, 88, 91.

J.      On November 30, 2020, the Court denied Defendant's motion to dismiss and held

that Plaintiff Felicia Slaton-Young properly stated cognizable individual and class claims under

Section 1981 and Title VII, under the disparate treatment and disparate impact theories of

discrimination. The Court granted in part and denied in part Defendant's motion to transfer,

holding that the claims of Plaintiff Slaton-Young were properly venued in the Northern District of

Illinois, but the claims of Plaintiffs Bland and Bell were improperly venued in the Northern District

of Illinois. The Court ordered Plaintiffs to provide input on how they would like to proceed with

regard to the class case. Dkts. 104–105.

K.      On December 14, 2020, the Plaintiffs filed a Status Report informing the Court that

Plaintiffs Bland and Bell elected that the Court defer the decision to transfer their claims until after

the Court ruled on class certification. Dkt. 106. Plaintiffs also informed the Court that they intended

to voluntarily dismiss Defendant The Jones Financial Companies L.L.L.P., after which all

Defendants would reside in the Northern District of Illinois, and they believed the Section 1981

claims of Plaintiffs Bell and Bland would properly be venued in the District.

L.      On December 15, 2020, Defendant filed a Motion for Leave to File Instanter

Response to Plaintiffs' Status Report. Dkt. 107. Defendant informed the Court that it believed

Plaintiffs Bland and Bell's election to defer the decision to transfer their claims until after the Court ruled on class certification is not a legally permissible outcome, and that dismissing The Jones Financial Companies L.L.L.P would not cure Bland and Bell's improperly venued Section 1981 claims.

<u>Discovery</u>

M.     The Parties provided required disclosures and served discovery requests and information pursuant to the Mandatory Initial Disclosures Pilot Program in the Northern District of Illinois. Dkt. 4.

N.     On November 15, 2018, the Parties filed a Proposed Agreed Discovery Plan for Electronically Stored Information. The Parties conferred extensively thereafter regarding a number of discovery issues, and multiple issues remained unresolved. As a result, on December 21, 2018, the Defendant and Plaintiffs filed their own Discovery Plans for Electronically Stored Information. Dkts. 35, 36.  On January 8, 2019, the Court stayed discovery while the motions to dismiss and/or transfer venue were pending, but directed the Parties to confer and file discovery plans regarding electronically stored information. Dkt. 41. After conferring again, the Parties filed their own discovery motions on May 20, 2019. Dkts. 75, 76.

O.     On December 3, 2020, Plaintiffs served their First Requests for Production and Notice for Rule 30(b)(6) depositions of Edward Jones corporate representatives on a variety of topics.

<u>Settlement Negotiations</u>

P.     In an effort to determine whether the Parties could settle this dispute prior to a lengthy class certification and appeal process, the Parties' counsel, who are experienced class action attorneys, participated in detailed and exhaustive settlement discussions with the assistance

of two professional mediators and after conducting their own investigations and sharing a substantial amount of discovery and legal arguments.

Q.      As part of their investigation, Class Counsel interviewed Financial Advisors who worked at Edward Jones, both experienced FAs and those in the training program, about their experiences with the Edward Jones policies and practices challenged by Plaintiffs.  The Parties discussed and negotiated the claims of Financial Advisors during the course of their negotiations.

R.      All of the Named Plaintiffs participated in the mediation sessions and negotiations, and worked extensively with Class Counsel.

S.      The Parties engaged the services of the Honorable Charles N. Clevert, Jr., a former federal district court judge and Chief Judge who currently serves as an arbitrator and mediator at JAMS, and Michael Russell, a highly experienced professional mediator, skilled in mediation of complex class actions, including employment discrimination litigation. Judge Clevert became familiar with the case and conducted two mediation sessions in Milwaukee, Wisconsin on October 29 and 30, 2019.  After these mediation sessions were unsuccessful, the Parties retained Mr. Russell, who mediated two additional days with the Parties via video conference on August 31, 2020 and October 1, 2020.  Mr. Russell also held lengthy individual meetings with the Parties on August 29, 2020 and September 17, 2020 to better understand the Parties' respective positions. The formal mediation sessions and follow-up settlement discussions between the mediators and the Parties through January 2021 culminated in the execution of this Settlement Agreement. During the negotiations, counsel bargained vigorously on behalf of their clients.  All negotiations were conducted at arm's length and in good faith.

T.      Class Counsel sought, and Defendant produced to Class Counsel, voluminous employment workforce, compensation, and account data. In addition, Class Counsel reviewed relevant employment policies and related documents concerning the Financial Advisor workforce

and work practices relevant to the claims asserted and damages sought by Plaintiffs and the Class. Class Counsel attained supplemental data from Defendant as the negotiations continued. Class Counsel interviewed numerous Class Members across the United States during the course of their investigation and retained an expert in labor economics and statistics to conduct statistical analyses of the data. The expert worked with Class Counsel to review the data, ensure it was complete, request supplemental data, and analyze the data. The expert also conducted studies similar to those he would have conducted in preparation for a trial of this matter.

U.     As a result of the exchange of information, the investigation, and other activity both prior to and after filing the Complaint, counsel for the Parties are familiar with the strengths and weaknesses of their respective positions, and have had a full opportunity to assess the litigation risks presented in this case.

V.     All Parties and their counsel recognize that, in the absence of an approved settlement, they would face a long litigation course, including motions for class certification, potential interlocutory appeal of the class certification decision, formal discovery, motions for summary judgment, class issue and individual damages trials, and potential appellate proceedings that would consume time and resources and present each party with ongoing litigation risks and uncertainties. The Parties wish to avoid these risks and uncertainties, as well as the consumption of time and resources, and have decided that an amicable settlement pursuant to the terms and conditions of this Settlement Agreement is more beneficial to them than continued litigation. Class Counsel believe that the terms of the Settlement Agreement are in the best interests of the Class and are fair, reasonable, and adequate.

W.     Defendant generally and specifically denies all of the claims asserted in the EEOC charges and the Action, denies any and all liability or wrongdoing of any kind whatsoever associated with any of the facts or claims alleged in the EEOC charges and the Action, and makes

no concession or admission of wrongdoing or liability of any kind whatsoever. This Settlement Agreement does not, and is not intended to constitute, nor shall it be deemed to constitute, an admission by any Party as to the merits, validity, or accuracy of any of the allegations, claims, or defenses of any Party in this case. By entering into this Settlement Agreement, Defendant does not admit or concede, expressly or impliedly, but instead specifically denies, that it has in any way violated Title VII, Section 1981, any parallel federal, state, or local laws prohibiting discrimination, harassment, or retaliation, the common law of any jurisdiction, or any other federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any other obligation or duty at law or in equity. Neither this Court nor any other court has made any findings concerning the merits, validity, or accuracy of any of the allegations, claims, or defenses in this Action.

X.       Nothing in this Settlement Agreement, nor any action taken in implementation thereof, nor any statements, discussions, or communications between the Parties, nor any materials prepared, exchanged, issued, or used during the course of the mediation or negotiations leading to this Settlement Agreement, is intended by the Parties to, nor shall any of the foregoing be introduced, be used, or be admissible in any way in this Action or any other judicial, arbitral, administrative, investigative, or other proceeding of whatsoever kind or nature (including, without limitation, the results of the Claims Resolution Process established under this Settlement Agreement), as evidence of discrimination or retaliation, or as evidence of any violation of Title VII, Section 1981, parallel federal, state, or local laws prohibiting discrimination, harassment, or retaliation, the common law of any jurisdiction, or any other federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, this Settlement Agreement may be used in any proceeding in the Court to enforce or implement any provision of this Settlement Agreement or implement any orders or judgments of the Court entered in connection herewith set forth in Section IV.

Y.     Without any admission or concession by Defendant of any liability or wrongdoing with respect to the allegations in any administrative charge or in the Third Amended Complaint, all Released Claims shall be finally and fully compromised, settled, and released, subject to the terms and conditions of this Settlement Agreement, which were the product of vigorous, arm's-length negotiation by the Parties.

III.    GENERAL TERMS OF THE SETTLEMENT AGREEMENT

A.     Definitions.  In addition to terms identified and defined elsewhere in this Settlement Agreement, and as used in this Settlement Agreement, the terms listed below shall have the following meanings:

1.     "Action" means the civil action captioned Wayne Bland, Felicia Slaton-Young, and Nyisha Bell v. Edward D. Jones & Co., L.P., No. 18-cv-3673, pending in the United States District Court for the Northern District of Illinois (the "Court") before District Judge Andrea R. Wood, and the allegations contained in the Complaint filed on May 24, 2018 as in the Action, as well as the Amended Complaint, Second Amended Complaint, and Third Amended Complaint.

2.     "Amended Complaint" or "First Amended Complaint" means the complaint filed on July 27, 2018.

3.     "CAFA Notice" means the notice required by 28 U.S.C. § 1715(b).

4.     "Claimants" means Settlement Class Members who have submitted a timely Claim Form.

5.     "Claim Form" means the "Simple Claim Form" or the "Detailed Claim Form" to be submitted by eligible Settlement Class Members.

6.     "Claims Resolution Process" means the process for Claimants to seek a Monetary Award described in Section IX.

7.     "Claims Administrator" means a claims administration company selected by Class Counsel to fulfill the duties set forth herein, including to serve Notice, maintain a website accessible to Class Members as described in Section IV.C below, and administer aspects of the Claims Resolution Process and Settlement Fund pursuant to Section IX below and related orders of the Court.

8.     "Class" means the class that the Plaintiffs seek to have certified, solely for purposes of this Settlement Agreement, which is defined as all African American and/or Black field-based Financial Advisors ("FAs") (as defined in Section III.A.19 below) employed by Edward Jones as FAs in the United States and were eligible to serve Edward Jones clients and earn commissions at any time between May 24, 2014 and December 31, 2020.

9.     "Class Counsel" means the law firm of Stowell & Friedman, Ltd. and Linda D. Friedman, Suzanne E. Bish, and George S. Robot.

10.    "Class Member" means any person who meets the criteria set forth in the definition of "Class" above.

11.    "Complaint" means the Complaint filed in this Action on May 24, 2018.

12.    "Court" means the United States District Court for the Northern District of Illinois.

13.    "Defendant" means Defendant Edward D. Jones & Co., L.P.

14.    "Defendant's Counsel" means the law firms of Dowd Bennett LLP, Bressler, Amery & Ross, P.C., and Salvatore Prescott Porter & Porter PLLC.

15.    "Depository Bank" means a bank selected by Class Counsel or the Claims Administrator to receive, hold, invest, and disburse the Settlement Fund at the direction of the Claims Administrator.

9

16. "Effective Date" means the date on which all of the following have occurred: (1) the Court has finally approved and entered this Settlement Agreement and has signed and entered an order so indicating; (2) the Court has entered an Order and Judgment dismissing the Action with prejudice, with continuing jurisdiction limited to enforcing this Settlement Agreement; and (3) the time for appeal of the order finally approving this settlement has either run without an appeal being filed or any appeal (including any requests for rehearing en banc, petitions for certiorari, or appellate review) has been finally resolved.

17. "Fairness Hearing" means the hearing at which the Court will consider final approval of this Settlement Agreement and related matters.

18. "Final Approval" means a written Order signed and entered by the Court granting final approval of the Settlement.

19. "Financial Advisor" or "FA", for purposes of this Settlement Agreement, means a person who held a FINRA Series 7 and Series 66 license and is or was employed by Edward Jones as a field-based FA eligible to serve Edward Jones clients and earn commissions, as defined by them being assigned an Edward Jones paycode of IRS or IRP but without an Edward Jones transitional representative jobcode of 000973.

20. "Monetary Award" means each "Expedited Monetary Award" or "Individualized Monetary Award" determined by the Special Master for eligible Claimants as described in Section IX below and includes all applicable federal, state, and local income taxes, including the employee's portion of applicable payroll taxes (e.g., FUTA, SUTA, FICA, and Medicare), other than the employer's share of payroll taxes and withholdings in connection with Monetary Awards.

21.     "Named Plaintiff Release" means the release agreement in the form, attached hereto as Exhibit 1, agreed to by counsel for the Parties with respect to the Named Plaintiffs if they elect to receive a Service Award as referenced in Section X.C.

22.     "Notice" means the Notice of Class Action, Proposed Settlement Agreement, and Fairness Hearing, which the Claims Administrator will mail directly to Class Members and potential Class Members substantially in the forms attached hereto as Exhibits 2 and 3, respectively.

23.     "Notice of Award" means the letter sent to each Claimant specifying the amount of that Claimant's Monetary Award, as determined by the Special Master.

24.     "Notice of Final Approval" means the Notice of Final Approval of Settlement Agreement if the Court approves the Settlement at the Fairness Hearing.

25.     "Opt Out" means any Class Member who timely submits an Opt-Out Statement in the manner provided for in Section IV.E.2.

26.     "Parties" means Plaintiffs, on behalf of themselves and Class Members, and Defendant.

27.     "Plaintiffs" or "Named Plaintiffs" means Wayne Bland, Felicia Slaton-Young, and Nyisha Bell.

28.     "Preliminary Approval" means a written order signed and entered by the Court preliminarily certifying the Class for purposes of settlement and preliminarily approving this Settlement Agreement and the form of Notices to be sent to Class Members and potential Class Members.

29.     "Programmatic Relief" means the non-monetary terms of the Settlement Agreement described in Section VII.

30.     "Released Claims" means any and all claims, demands, causes of action, suits, and liabilities, known or unknown, up to and through December 31, 2020, of race and color discrimination or related retaliation arising out of the Named Plaintiffs' and/or Class Members' employment and/or separation from employment with Defendant as Financial Advisors, under any legal or equitable theory whether contractual, common-law, or statutory, and whether under federal, state, or local law, that the Named Plaintiffs and Class Members may have against Defendant, its parent, subsidiaries, divisions, and affiliated companies, and in the case of all such entities, their respective past and present general partners, limited partners, service partners, subordinated limited partners, owners, officers, directors, agents, shareholders, trustees, administrators, representatives, employees, predecessors, successors and assigns (collectively referred to as the "Released Parties"), arising out of the same transactions, series of connected transactions, occurrences or nucleus of operative facts that form the basis of the claims that were asserted in the Action, including any and all claims asserted in the original and subsequently amended complaints filed in the Action.  This release does not include or cover any actions or omissions occurring after December 31, 2020.  Specifically included in this release are any and all race and color discrimination or related retaliation claims arising out of the Named Plaintiffs' and/or Class Members' employment and/or separation from employment with Defendant or the same transactions, series of connected transactions, occurrences or nucleus of operative facts that form the basis of the claims that were or could have been asserted in the Action, including but not limited to, claims of alleged racial employment discrimination, related retaliation, or benefits claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and any other employment discrimination or related retaliation under federal, state, or local statute, common law, or regulation.  Furthermore,

the Released Claims include all claims for monetary damages, injunctive, declaratory or equitable relief, and costs and attorneys' fees.

31.     "Second Amended Complaint" means the complaint filed on November 26, 2018.

32.     "Service Award" means the proposed awards for Named Plaintiffs for their service to the Settlement Class, as described in Section V.C.

33.     "Settlement," "Agreement," and "Settlement Agreement" each mean the settlement as reflected in this Settlement Agreement.

34.     "Settlement Class" means the Class as defined in Section III.C.1 excluding any Class Member who files and serves a timely Opt-Out Statement that is not subsequently rescinded within the allotted time period for revocation.

35.     "Settlement Class Member" means any person who meets the criteria set forth in the definition of "Settlement Class."

36.     "Settlement Class Member Release" means the release of claims described in the Released Claims set forth in Section V.A, below applicable to those Settlement Class Members who are not Named Plaintiffs as referenced in Section V.C.

37.     "Settlement Fund" or "Fund" means the thirty-four million dollars and no cents ($34,000,000.00) to be transferred by Defendant to the Depository Bank pursuant to Section VIII.A of this Settlement Agreement, including any interest earned thereon, to be held, invested, administered, and disbursed pursuant to this Settlement Agreement.  The Settlement Fund constitutes the full, complete, and total cash outlay by Defendant under the Settlement Agreement, except that the Settlement Fund does not include the employer's share of payroll taxes and withholdings in connection with Monetary Awards to Claimants, which shall be paid separately by Defendants.

38.     "Special Master" means the individual appointed by the Court under Rule 53 of the Federal Rules of Civil Procedure to perform certain duties in connection with this Settlement Agreement as described in Section IX.E below.

39.     "Third Amended Complaint" means the complaint filed on December 30, 2020.

B.     <u>Cooperation</u>.  The Parties agree that they will cooperate to effectuate and implement all terms and conditions of this Settlement Agreement, and exercise good faith efforts to accomplish the terms and conditions of this Settlement Agreement.  The Parties agree to accept non-material and procedural changes to this Settlement Agreement if so required by the Court in connection with Final Approval of the Settlement, but are not obligated to accept any changes in the monetary amount of relief, material change in the substantive Programmatic Relief provided for herein, the scope of releases, or any other material substantive change.

C.     <u>Persons Covered by this Settlement Agreement</u>.

1.     <u>Definition of "Class."</u>  Solely for purposes of Settlement and judicial approval of this Settlement Agreement, the Plaintiffs seek to certify the following Class:

> All African American and/or Black field-based Financial Advisors employed by Edward Jones as Financial Advisors in the United States and were eligible to serve Edward Jones clients and earn commissions at any time between May 24, 2014 and December 31, 2020.

2.     <u>Certification</u>.  Plaintiffs will request that the Court certify the Class pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3).  Defendant consents to certification of the Class for settlement purposes only.  Defendant does not waive, and instead expressly reserves, its right to challenge the propriety of class certification for any purpose as if this Settlement Agreement had not been entered into should the Court not approve the Settlement Agreement, should the Settlement Agreement not become effective, or should Defendant exercise its right to terminate

the Settlement Agreement as described in Section IV.G below. The Plaintiffs and Class Counsel agree that, if the Action were to proceed, they would not argue or present any argument, and hereby waive any argument, based on this Settlement Agreement or any exhibit and attachment hereto, or any act performed or document executed pursuant to or in furtherance of settlement or this Settlement Agreement or negotiations that led to settlement, that Defendant should be thereby barred from contesting class action certification pursuant to Federal Rule of Civil Procedure 23. This Settlement Agreement shall not be deemed an admission by, or a basis for estoppel against, Defendant that class action treatment pursuant to Federal Rule of Civil Procedure 23 in the Action is proper or cannot be contested on any ground.

## IV. COURT APPROVAL/NOTICE AND FAIRNESS HEARING

### A. Jurisdiction.

1. The Parties agree that the Court has jurisdiction over the Parties and the subject matter of this Action. The Court shall retain jurisdiction of this Action for three (3) years from the Effective Date of the Settlement Agreement for the purpose of entering all orders and judgments authorized hereunder that may be necessary to implement and enforce the relief provided herein. If, for any reason, the Court does not enter Final Approval, or fails to enter the Judgment, or if this Settlement Agreement is lawfully terminated for any other reason, then Defendant shall retain the right to continue to contest venue and jurisdiction of Plaintiff Bland and Bell's individual and class action claims and ability to be unnamed members of any class that may be certified in this Action in the Northern District of Illinois.

### B. Preliminary Approval.

1. Within ten (10) days after the execution of this Settlement Agreement, Plaintiffs shall file an unopposed motion with the Court for an order preliminarily certifying the Class; preliminarily approving this Settlement Agreement; approving the Notice to be sent to Class

Members and potential Class Members describing the terms of the Settlement and informing them of Class Members' rights to submit objections and to opt out; and preliminarily enjoining, pending the outcome of the Fairness Hearing, (i) all Class Members, including Plaintiffs, from commencing, prosecuting or maintaining in any court or forum other than the Court any claim already asserted in, or encompassed by, this Action, and (ii) all Class Members (including those who request exclusion) from commencing, prosecuting, pursuing or maintaining in any court or forum other than the Court any claim, action or other proceeding that challenges or seeks review of or relief from any order, judgment, act, decision or ruling of the Court in connection with this Settlement Agreement or otherwise in connection with this Action.  Class Counsel will give Defendant's Counsel three (3) days advance notice of the date they will file the motion seeking preliminary certification and approval.

  C. <u>Notice</u>.

    1. Counsel for the Parties will prepare for the Court's review and approval a Notice to be sent to Class Members and potential Class Members to inform them of the Settlement, its terms, and Class Members' rights thereunder.

    2. The Court will appoint a Claims Administrator to perform the following tasks, among others:

      (a) Distribute the CAFA Notice along with accompanying materials to appropriate state and federal officials as required by 28 U.S.C. § 1715;

      (b) Distribute the Notice and Notice of Final Approval to Class Members;

      (c) Receive and forward to Class Counsel and Defendant any Objections or Opt-Out Statements from Class Members;

      (d) Maintain a website on which the Settlement Agreement, Notices, related Court Orders, and other documents and content approved by Class Counsel for posting on this website are available to Class Members, and a secure portal through which Settlement Class Members, following Final Approval

of the Settlement, can electronically submit Claim Forms and other documents in a confidential and private manner;

(e)    Distribute and receive Claim Forms and related documents as well as communications to and from the Special Master in a confidential manner;

(f)    Distribute the Notice of Award and election forms to Settlement Class Members as directed in Section IX.D.3 below;

(g)    Properly process Monetary Awards, including for tax purposes as directed in Sections IX.H, K below; and

(h)    Distribute the Notice of Award to Settlement Class Members as directed in Section IX.H below.

3.    No later than seven (7) days following Class Counsel's filing of the Settlement Agreement with the Court, the Claims Administrator shall cause the CAFA Notice, along with the accompanying materials, to be served upon the appropriate state and federal officials, as required by 28 U.S.C. § 1715. For purposes of compliance with CAFA, the Claims Administrator shall be permitted to compile all of the relevant documents into a single compact disc for delivery to federal and state officials. Plaintiffs, Defendant, and the Claims Administrator shall have no duty to supplement the CAFA Notice. The Claims Administrator shall confirm in writing and provide to Defendant and Class Counsel proof of service of the CAFA Notice to the appropriate federal and state officials. The Claims Administrator shall indemnify and hold harmless Defendant and Class Counsel from any liabilities, penalties, costs, or losses caused by an incorrect or untimely served CAFA Notice, except to the extent the Claims Administrator has relied on information provided by Defendant or Class Counsel and, in any event solely to the extent the CAFA Notice was caused to be incorrect or untimely by the Claims Administrator's gross negligence or willful misconduct.

4.    Defendant will identify all Class Members who self-identified to Edward Jones as African American and/or Black, and all potential Class Members who self-identified in the EEO category "Two or More Races (Not Hispanic or Latino)," and will provide to the Claims

Administrator and Class Counsel in electronic format, within three (3) days after the order granting Preliminary Approval of this Settlement Agreement is served, the name, social security number, job history, and last known address of each Class Member and potential Class Member. This data shall be maintained as strictly confidential and not shared with any other person or entity, other than the Claims Administrator, who shall utilize Class Members' and potential Class Members' social security numbers only for the purpose of locating Class Members and potential Class Members who cannot otherwise be found for purpose of informing them of their rights in this Settlement.

5.      Within ten (10) days after the order granting Preliminary Approval of this Settlement Agreement is served, the Claims Administrator will mail the Notice to each Class Member and potential Class Member in the form agreed upon by counsel for the Parties and approved by the Court.

6.      In order to provide the best notice practicable, before mailing the Notice and Claim Forms, the Claims Administrator will run the list of all Class Members and potential Class Members through the United States Postal Service's National Change of Address database ("NCOA").

7.      If envelopes from the mailing of the Notice and Claim Form are returned with forwarding addresses, the Claims Administrator will re-mail the Notice and Claim Form to the new address within three (3) business days.

8.      In the event that a Notice and Claim Form are returned to the Claims Administrator by the United States Postal Service because the address of the recipient is no longer valid, *i.e.*, the envelope is marked "Return to Sender," the Claims Administrator shall perform a standard skip trace in an effort to ascertain the current address of the particular Class Member or potential Class Member in question and, if such an address is ascertained, the Claims

Administrator will re-send the Notice and Claim Form within three (3) business days of receiving the newly ascertained address; if no updated address is obtained for that Class Member or potential Class Member, the Notice and Claim Form shall be sent again to the last known address.  In either event, the duty to deliver the Notice and Claim Form shall be deemed satisfied once it is mailed for the second time, although further efforts may be undertaken.

9.      The Claims Administrator shall provide to Class Counsel a list of the names of those Class Members and potential Class Members who have not been located.

10.     If the Court grants Final Approval, within ten (10) days of Final Approval, the Claims Administrator shall mail the Notice of Final Approval to each Settlement Class Member who did not opt out of the class.  The Claims Administrator shall also mail a Simple and Detailed Claim Form to each Settlement Class Member at the same time the Notice of Final Approval is sent, along with a unique claimant identification number ("Claimant ID") and make the Claim Form available electronically on a website accessible to Class Members maintained by the Claims Administrator.  Using the Claimant ID, Settlement Class Members will be able to view and access their individual Claim Forms electronically on the website maintained by the Claims Administrator and may submit them through a secure, non-public portal in a confidential and private manner. Claim forms will not be mailed to Potential Class Members unless and until they are admitted to the Settlement Class by the Special Master after declaring under penalty of perjury that they meet the Class Definition in Section III.C.1 above.

11.     The Claims Administrator will maintain a log of all of its activities undertaken pursuant to this Section IV.C, including the dates of mailing the Notice of Class Action and Notice of Final Approval, and the mailing and receipt of Claim Forms, returned mail, and other communications and attempted communications with Class Members and potential Class Members.  The Claims Administrator shall further confirm in writing the substance of its activities

and completion of the administration of the settlement; timely respond to communications from the Parties or their respective counsel; and perform such other tasks as the Parties mutually agree or ordered by the Court.

      D.    <u>Objections</u>.

      1.    Settlement Class Members have the right to object to the Settlement. Settlement Class Member objections to this Settlement Agreement must be submitted in writing, signed by the Settlement Class Member, filed with the Court (with copies served on the Parties' counsel), include a detailed description of the basis of the objection, and indicate whether the Settlement Class Member intends to appear at the Fairness Hearing. To be timely and considered by the Court, objections must be filed within thirty (30) days after Notice is mailed to Class Members.

      2.    Only Settlement Class Members who timely file their signed, written objections and state in writing their intent to appear at the Fairness hearing may appear at the Fairness Hearing. No one may appear at the Fairness Hearing for the purpose of objecting to the Settlement Agreement without first having served their objection(s) in writing within thirty (30) days after the Notice was mailed to Class Members.

      E.    <u>Exclusions / Opt Outs</u>.

      1.    The Notice shall include language that any Class Member who wishes to opt out must mail a written, signed statement that he or she is opting out of the Settlement to the Claims Administrator at a designated address and that to be effective, this opt-out statement must be postmarked on or before thirty (30) days after the Notice was mailed and must include a statement that the Class Member is aware that by opting out, he or she will forego the opportunity to receive money from the Settlement.

2.     Any Class Member who wishes to opt out of the Class must mail to the Claims Administrator a written, signed statement that he or she is opting out.  Opt-out statements must be postmarked within thirty (30) days after Notice is mailed to Class Members.  Class Counsel shall provide to Defendant's Counsel and file with the Court all timely opt-out statements.

3.     To be effective, the opt-out letter and statement must be timely and include language confirming that the Class Member is aware that by opting out, he or she will forego the opportunity to receive monetary benefits from this Settlement.

4.     The Settlement Class will not include those individuals who timely submit an opt-out statement, and individuals who opt out are not entitled to any Monetary Award under this Settlement Agreement.

5.     Class Members who have timely and properly opted out of the Settlement Class as set forth in this Paragraph may not participate in the Fairness Hearing.

6.     The Claims Administrator shall provide to all counsel for the Parties all opt-out statements it receives.  The Claims Administrator shall determine whether a Class Member has timely and properly opted out of the Settlement Class.

7.     Class Members who file opt-out statements may rescind their opt-out statement.  To be effective, such rescissions must be in writing and must be received by the Claims Administrator at least one (1) day before the Fairness Hearing.  Prior to the Fairness Hearing, the Claims Administrator shall provide all rescissions to counsel for the Parties.

F.     <u>Fairness Hearing</u>.

1.     Upon Preliminary Approval, a briefing schedule and Fairness Hearing date will be set at the Court's convenience.  The Plaintiffs' Motion for Final Approval and for Certification of the Settlement Class will be due no earlier than fourteen (14) days following the close of the objection and opt-out period, and the Fairness Hearing will be held no earlier than

twenty-eight (28) days following the close of the objection and opt-out period. Neither this Settlement Agreement nor the Court's Preliminary or Final Approval hereof shall be admissible in any court regarding the propriety of class certification or regarding any other issue or subject (except for the purpose of enforcing this Settlement Agreement).

2.      The time periods referenced in this Section IV are guidelines; actual dates will be determined by the Court and inserted in the Preliminary Approval Order.

3.      In the event that this Settlement Agreement does not become final and binding, no party shall be deemed to have waived any claims, objections, rights or defenses, or legal arguments or positions, including, but not limited to, claims or objections to class certification, and claims and defenses on the merits. Each party reserves the right to prosecute or defend this Action in the event that the Settlement Agreement does not become final and binding.

4.      If this Settlement Agreement is not approved by the Court or for any other reason is terminated or fails to become effective in accordance with its terms (or if, following approval by this Court, such approval is reversed or substantively modified), the Parties shall be restored to their respective positions that existed in this Action prior to entering into this Settlement Agreement; the terms and provisions of this Settlement Agreement shall have no force or effect and shall not be used in this Action or in any proceeding for any purpose; the Settlement Fund shall be returned to Defendant, including any interest earned by the Settlement Fund through the date of termination (after deducting all costs and expenses, including costs of providing Notice to Class Members, paid or incurred by the Claims Administrator as of the date of termination); any Judgment entered by the Court in accordance with the terms of this Settlement Agreement shall be treated as vacated, *nunc pro tunc*; and the litigation of the Action will resume as if there had been no Settlement Agreement, with no stipulated Class. The Parties retain all rights, claims, and defenses as to class certification and otherwise as to any of the allegations asserted in this Action.

This Settlement Agreement will not be considered an admission of liability or damages by Defendant or represent a cap on damages available to the Named Plaintiffs or the Class.

      G.    <u>Defendant's Right to Withdraw or Modify the Settlement Agreement.</u>

      1.    If the number of Class Members who have duly requested exclusion from the Class in the manner provided in the Court's Preliminary Approval order exceeds the termination-threshold number set forth in Exhibit 4 filed with the Court under seal concurrently with this Settlement Agreement, Defendant shall have the right, for ten (10) days after the deadline for Class Members to opt out, to withdraw from and fully terminate this Settlement Agreement pursuant to Section IV.F.4 of this Settlement Agreement by providing written notice to Class Counsel and the Court.

      2.    The Claims Administrator shall have the obligation to return the entire Settlement Fund (including all income and/or interest, but after deducting all costs and expenses paid or incurred by the Claims Administrator as of the date of withdrawal, including costs of providing Notice and the Claim Form to Class Members and potential Class Members) to Defendant within five (5) business days in the event that Defendant withdraws from this Settlement Agreement.

## V.    <u>RELEASE/BAR OF CLAIMS</u>

      A.    All Settlement Class Members who do not timely opt out of this Settlement will irrevocably and forever release and be deemed to have fully resolved, waived and discharged for themselves and their heirs, executors, administrators, representatives, dependents, successors, and assigns all Released Claims as defined in Section III.A.30 above.

      B.    Named Plaintiffs who execute the Named Plaintiff Release (including their heirs, executors, administrators, representatives, dependents, successors, and assigns) expressly waive any and all provisions, rights, and benefits conferred under or by any law of any state or territory

of the United States, or principle of common law, which is similar, comparable, or equivalent to, Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

C.    All Named Plaintiffs, as a condition of receiving a Service Award in conjunction with this Settlement Agreement, will be required to execute and deliver to Defendant, through counsel, a Named Plaintiff Release in the form agreed to by counsel for the Parties and attached hereto as Exhibit 1. The Named Plaintiff Release is more expansive than the limited Settlement Class Member Release. It releases all of the Named Plaintiffs' individual claims and is a general release of all claims of any nature, whether known or unknown, against the Released Parties under federal, state, and local laws for any period up through the date that Notice is mailed to the Class, other than the claims in the wage case *Bland, et al. v. Edward Jones*, No. 18-cv-01832 (N.D. Ill.) (Dow, J.), which are not included in or released by the Named Plaintiff Release.

D.    Named Plaintiffs shall execute, and Class Counsel shall provide to Defendant's Counsel, copies of all Named Plaintiff Releases within ten (10) days following Final Approval.

E.    If any Named Plaintiff does not execute and timely deliver a release in the form provided in Exhibit 1, he or she shall be ineligible for, and forever barred from receiving any Service Award under this Settlement Agreement, but will remain eligible for a Monetary Award from the Settlement Fund.

F.    The terms of the Releases, set forth in Section III.A.30 above for Settlement Class Members and in Exhibit 1 for the Named Plaintiffs, are a material part of this Settlement Agreement and are hereby incorporated as if fully set forth in the Settlement Agreement. If these Releases for Settlement Class Members and Named Plaintiffs are not finally approved by the

Court, or the Settlement Agreement cannot become effective for any reason, or the Settlement Agreement is terminated by Defendant as provided in Section IV.G of this Settlement Agreement, then the Releases shall terminate *nunc pro tunc* and be of no force and effect.

G.      Class Members who neither timely opt out nor timely file a Claim Form shall, upon the Effective Date, be deemed to have fully, finally and irrevocably waived, released and discharged the Released Parties from the Released Claims.

VI.     <u>NO ADMISSION, NO DETERMINATION</u>

A.      Defendant denies all claims as to wrongdoing, liability, damages, penalties, interest, fees, injunctive relief and all other forms of relief, as well as the class allegations asserted in the Action. Defendant has agreed to resolve the Action via this Settlement Agreement, but to the extent this Settlement Agreement is deemed void or the Effective Date does not occur, Defendant does not waive, but rather expressly reserves, all rights to challenge any and all claims and allegations asserted by the Named Plaintiffs in the Action upon all procedural and substantive grounds, including without limitation the ability to challenge class action treatment on any grounds and to assert any and all other potential defenses or privileges. The Named Plaintiffs and Class Counsel agree that Defendant retains and reserves these rights, and they agree not to take a position to the contrary. This Settlement Agreement shall not be deemed an admission by, or a basis for estoppel against, Defendant that class action treatment pursuant to Federal Rule of Civil Procedure 23 in the Action is proper or cannot be contested on any grounds.

B.      This Settlement Agreement does not and is not intended to constitute, nor shall it be deemed to constitute, an admission by any party as to the merits, validity or accuracy of any of the allegations, claims or defenses of any party in this case. The Class Members continue to assert the merits and validity of their claims under 42 U.S.C. Section 1981, Title VII, and parallel state and local laws prohibiting race discrimination. By entering into this Agreement, Defendant does

not admit or concede, expressly or impliedly, but continues to deny that it has in any way violated 42 U.S.C. Section 1981, Title VII, parallel state and local laws prohibiting race discrimination, the common law of any jurisdiction, or any other federal, state or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity. Neither the Court nor any other court has made any findings or expressed any opinion concerning the merits, validity or accuracy, or lack thereof, of any of the claims in this case.

## VII.    PROGRAMMATIC RELIEF

A.    <u>Duration of the Settlement</u>.  The Programmatic Relief embodied in this Settlement Agreement shall remain binding on the Parties and their agents and successors for three (3) years following the Effective Date (the "Programmatic Relief Period").

B.    <u>Release of Any Training Cost Obligations of Financial Advisors Who Departed Edward Jones Before January 1, 2021</u>.  Edward Jones will release in full any and all rights it claims to seek from, and any and all obligations of, all Financial Advisors whose employment with Edward Jones terminated before January 1, 2021 from any alleged or potential payment obligation, liability or debt with respect to "training costs" or for payment of any alleged cost of FA training or the Edward Jones training program.  Edward Jones will not pursue any efforts to enforce any contractual obligation for "training costs" or any collection efforts for any training costs for Financial Advisors who have terminated their Edward Jones employment prior to January 1, 2021.

C.    <u>Reduction of Training Cost Obligations</u>.  Within ten (10) business days of the Effective Date, Edward Jones will revise its Financial Advisor Employment Agreement with new Financial Advisors to reduce the amount of training costs it seeks to obligate them to repay if they leave Edward Jones for a competitor from $75,000 to $50,000.  Neither this provision nor any reduction in "training costs" is, nor shall be construed as, an admission by any Party or their respective counsel as to the lawfulness or propriety of the training costs, whether $75,000, $50,000,

or some other amount, or that the training costs provision is lawful or appropriate in principle, amount, or terms.

D.    <u>Diversity Reporting to Executive Leadership.</u>  In order to assess its progress with regard to diversity and inclusion, to include representation and opportunities for African American and/or Black Financial Advisors, Edward Jones will gather and prepare demographic data and provide leadership with such data regarding the representation of these individuals, specifically including African Americans, in the Financial Advisor workforce and the hiring and attrition of these Financial Advisors on a regular basis.  Representations and data regarding African American and/or Black Financial Advisors will be separately broken out as a category of diverse employees.

E.    <u>Financial Advisor Advisory Council.</u>

1.    <u>Composition.</u>  Edward Jones will create a FA Advisory Council comprised of a cross section (including in terms of geography, length of service, and other criteria) of Financial Advisors of various genders, races, and ethnicities, including a specific focus on Financial Advisors who are Black or African American.

2.    <u>Purpose.</u>  The FA Advisory Council will meet periodically to help Edward Jones leadership identify and address issues of diversity, equity, and inclusion, to include issues facing African American Financial Advisors.  The Advisory Council will convene a focus group of African American Financial Advisors who will meet with Edward Jones leadership to discuss increasing representation and opportunity for African American Financial Advisors.

## VIII.   MONETARY RELIEF

A.    <u>Settlement Fund</u>.

1.    No later than ten (10) business days prior to the Fairness Hearing, Defendant shall pay by wire transfer or otherwise transmit to the Depository Bank the sum of thirty-four million dollars and no cents ($34,000,000.00 or $34.0 million).  This payment is made in order to

satisfy the claims of all Named Plaintiffs and Settlement Class Members, as well as for the other purposes identified in this Settlement Agreement. The $34.0 million so transferred, together with any interest subsequently earned thereon, shall constitute the Settlement Fund. The $34.0 million transferred into the Settlement Fund by Defendant shall, with the additional Employer Payroll Tax Payment described below in Section IX.K.2.(b), constitute the total monetary outlay by Defendant in connection with: (a) the resolution of this matter; (b) this Settlement Agreement (and exhibits); and (c) the dismissal of this Action.

2.      The $34.0 million paid into the Settlement Fund is inclusive of payment for:

(a)      all Monetary Awards paid to Settlement Class Members, including Named Plaintiffs, which are to be distributed pursuant to Section IX.H below;

(b)      all attorneys' fees and costs awarded by the Court to Class Counsel, including those relating to securing court approval of the Settlement, the Claims Resolution Process, and monitoring of the Settlement Agreement, as described in Section X.A below;

(c)      all Service Awards to Named Plaintiffs, pursuant to Section X.C below;

(d)      all costs in connection with the administration of the Settlement Agreement and the Settlement Fund including, but not limited to, those related to sending Notice, the Claims Resolution Process, legal advice relating to the establishment of the Qualified Settlement Fund and tax treatment and tax reporting of awards to Claimants, preparation of tax returns (and the taxes associated with such tax returns as defined below, other than the Employer Payroll Tax Payment), the Claims Administrator's fees and expenses, and the fees and expenses of the Special Master and any Neutrals;

(e)      applicable federal, state, and local income taxes, as well as the employee's portion of applicable payroll taxes. However, as provided in Section IX.K.2.(h), the $34 million dollar payment to the Settlement Fund does not include Defendant's share of payroll taxes or contributions (e.g., FUTA, SUTA, FICA and Medicare), which Defendant shall pay separately to the Claims Administrator pursuant to Section IX.K.2.(b).

B.      Administration of Settlement Fund.

The Settlement Fund will be placed in a Qualified Settlement Fund, intended by the Parties to be a "Qualified Settlement Fund" as described in Section 468B of the Internal Revenue

Code of 1986, as amended, and Treas. Reg. Section 1.468B-1, *et seq*. and to operate in accordance with these provisions and regulations.

IX.  **CLAIMS FILING AND CLAIMS RESOLUTION PROCESS FOR MONETARY AWARDS TO SETTLEMENT CLASS MEMBERS AND NAMED PLAINTIFFS**

A.  **Claims Filing Procedures for Monetary Relief**.

1.  All Settlement Class Members, including the Named Plaintiffs, may be eligible to receive a Monetary Award from the Settlement Fund.

2.  All Settlement Class Members, including the Named Plaintiffs, who seek a Monetary Award must complete, sign, and submit either a Simple Claim Form or a Detailed Claim Form to the Claims Administrator, which must be received by the Claims Administrator no later than forty-five (45) days after Notice of Final Approval is mailed to Class Members.  The Claim Form may be submitted via mail or via secure electronic submission and must be signed or electronically affirmed, under penalty of perjury.  Settlement Class Members and Named Plaintiffs shall complete the Simple or Detailed Claim Form in accordance with the procedures and requirements set forth on the respective Claim Form.

3.  Claim Forms shall be maintained by the Claims Administrator and shall remain strictly confidential.  Neither the Claim Forms nor the contents therein shall be disclosed to Defendant.

B.  **Claims Resolution Process for Settlement Class Members Who Submit a Claim**.
Settlement Class Members who timely submit a signed, completed Simple Claim Form or Detailed Claim Form will have their Monetary Awards determined by a Special Master, in the Claims Resolution Process ("CRP"), as described more fully below.

1.  All Claim Forms and information communicated by Class Members during the CRP shall remain confidential and shall not be disclosed to Defendant or used or disclosed for

any purpose other than as part of the CRP.

      2.     The claims of Settlement Class Members who participate in the CRP will be evaluated by the Special Master, who will determine the final amounts of the (a) Expedited Monetary Awards for Settlement Class Members who submit a Simple Claim Form or those who submit a Detailed Claim Form but elect an Expedited Monetary Award, and (b) Monetary Awards for Settlement Class Members who submit a Detailed Claim Form and do not elect the Expedited Monetary Award.

      3.     The Special Master may retain one or more additional independent, qualified Neutrals, not associated with any Party or their counsel, depending on the rate of Settlement Class Member participation, in order to ensure an efficient process and timely payment of Monetary Awards to Settlement Class Members. Any Neutrals will be approved by Class Counsel and will have training and experience with employment discrimination claims.

      4.     The Special Master will make the final determination on Monetary Awards, after a review for fairness and consistency of all awards. All Monetary Awards shall be final, binding, and non-appealable.

      5.     Any recommendation by a Neutral or determination by the Special Master, including the fact or recommended amount of a Monetary Award, will be inadmissible in this Action or any other subsequent proceeding for any purpose other than to enforce the Settlement Agreement or for any potential set off as described in Section IX.J, and shall not be deemed to be a finding as to the merits of any claim.

      6.     Settlement Class Members who file a Claim Form must notify the Claims Administrator of any change of mailing address. A failure to notify the Claims Administrator of a change of address may result in the forfeiture of a Monetary Award.

C.  Simple Claim Form and Expedited Monetary Awards.

1.  Claimants who submit a signed Simple Claim Form will be issued a Monetary Award check within forty-five (45) days of the deadline to submit the Simple Claim Form ("Expedited Monetary Award").

2.  Claimants who elect to submit the signed Simple Claim Form agree to accept an Expedited Monetary Award and will not have their claims or alleged losses individually assessed as part of the individualized CRP in Section IX.D, nor will they have the option to reject an Expedited Award.

3.  Expedited Monetary Awards will be determined and awarded based on objective factors decided by the Special Master such as length of service with Edward Jones and period of employment as an Edward Jones Financial Advisor within the Class Period.  Expedited Monetary Awards are not based on an individualized assessment of any Claimant's claims, nor do they include any consideration of potential emotional distress or post-termination wage loss.

4.  After determining the allocation of Expedited Monetary Awards, the Special Master shall timely prepare a master report of all Expedited Monetary Awards and provide it to the Claims Administrator for timely payment.

D.  Detailed Claim Form and Individualized CRP.

1.  Claimants who wish to have an individualized assessment of their claims or the option of rejecting an Expedited Monetary Award in favor of an individualized assessment of their claims and alleged losses ("Individualized Monetary Award") must timely submit a Detailed Claims Form to the Claims Administrator.

2.  The Detailed Claim Form shall be completed in its entirety, including responses to questions concerning allegations of race discrimination, financial losses, and any alleged emotional distress. In order to seek financial recovery for alleged emotional distress, a

Claimant must complete the section of the Detailed Claim Form regarding emotional distress and may submit any additional documentation the Claimant deems appropriate. In order to seek financial recovery for any period after a Claimant's employment with Edward Jones terminated, the Claimant must submit qualified documentary evidence of post-Edward Jones income and work history.

       3.     No later than thirty (30) days after the Claim Form submission deadline, all Claimants who timely submit a completed Detailed Claim Form will be mailed notice of what the amount of their Expedited Monetary Award would be along with an election form (the "Election Form") setting forth two options from which each such Claimant must elect, to either: (i) accept the amount of the Expedited Monetary Award, or (ii) participate in the Individualized CRP for the determination of an Individualized Monetary Award. The Election Form must be signed; identify whether the Claimant elects to (i) accept the amount of the Expedited Monetary Award or (ii) participate in the Individualized CRP; and be postmarked, or submitted electronically, within fourteen (14) days of the date stated on the Election Form. The electronic submission is complete only when the Claimant receives an online confirmation number.

       4.     Any Claimant who submits a Detailed Claim Form but fails to timely file an Election Form will not be eligible to participate in the Individualized CRP and will receive the amount of the Expedited Monetary Award.

       5.     If a Claimant elects to accept the amount of the Expedited Monetary Award, or fails to timely submit an Election Form, a check in the amount of the Expedited Monetary Award will be sent to the Claimant within twenty-one (21) days after the Claims Administrator receives the Election Form and all required income tax documents, but in no event will any Monetary Awards be issued prior to the Effective Date.

       6.     If a Claimant elects to reject the amount of the Expedited Monetary Award,

the Claimant must participate in the Individualized CRP and have his or her claims reviewed and evaluated through the Individualized CRP. The Individualized Monetary Award may be more or less than the amount of the Expedited Monetary Award.

       7.     Claimants who submit a Detailed Claim Form will have their claims individually evaluated by the Special Master for determination of an Individualized Monetary Award, if any. In addition, if applicable, after evaluating a Claimant's claims, a Neutral shall recommend an Individualized Monetary Award, if any, for each Claimant to the Special Master. In evaluating individual claims, the Special Master and Neutral/s shall consider information in the Detailed Claim Form and any supporting documents submitted by Claimants.  Factors and information the Special Master and Neutrals may weigh include but are not limited to the following:

(a)     Length of service at Edward Jones;

(b)     Length of employment as an FA within the Class Period;

(c)     The Claimant's description of their experiences with regard to account transfers and distributions; open office assignments; participation and treatment in the Goodknight program or Legacy program; participation and treatment in the Retirement Transition Plan; assignment of client accounts and books of business; business opportunities; resources available; office environment and other treatment;

(d)     Claimant's description of racial harassment and hostile work environment;

(e)     Whether the Claimant lodged an internal complaint of discrimination;

(f)     Whether the Claimant filed a charge of discrimination and/or lawsuit;

(g)     Any alleged retaliation suffered as a result of lodging a complaint or engaging in protected activity;

(h)     Any alleged emotional distress suffered, and whether supporting evidence is submitted regarding such alleged emotional distress;

(i)     Any alleged severe financial distress;

(j)     Any alleged career or reputational harm;

      (k)      Any alleged lost opportunities and financial losses;

      (l)      Any alleged lost future earnings;

      (m)      Mitigation and post-Edward Jones earnings;

      (n)      Whether the Claimant previously released some but not all of his or her claims and, if so, the date and scope of any such release of claims; and

      (o)      Such other factors as the Special Master determines.

8.      After approving the amount of Individualized Monetary Awards to each Claimant who timely submitted a Detailed Claim Form and Election Form electing to participate in the Individualized CRP, the Special Master shall prepare a master report of all Individualized Monetary Awards (including tax allocations thereof) and provide it to the Claims Administrator for payment.

E.      <u>Special Master.</u>  The Court shall appoint Lynn Cohn, Clinical Professor of Law, Director, Center on Negotiation and Mediation, Northwestern University Pritzker School of Law as Special Master under Federal Rule of Civil Procedure 53 to monitor and assist with the Settlement. Class Counsel will prepare and provide to the Court a proposed order appointing the Ms. Cohn as Special Master. If Ms. Cohn is unavailable to serve as Special Master, Class Counsel shall select another similarly qualified person to serve as Special Master. The Special Master shall review and assess the claims in the CRP; make reports to Class Counsel, and if necessary to the Court in a confidential and/or *ex parte* manner; review and approve any contracts and bills for services in the settlement process (including for the Claims Administrator) to be paid by the Claims Administrator out of the Settlement Fund; and perform the below and other similar duties requested by Class Counsel or the Court.

1.      The Special Master shall review the Claim Forms and supporting documentation and, as early as practicable following Final Approval, determine the amounts of the Expedited Monetary Awards and Individualized Monetary Awards, if any, which should be

paid to each Claimant in the Claims Resolution Process. As explained above, depending on the number of Claim Forms, the Special Master may retain one or more Neutrals to assist in the review and assessment of Claim Forms and Monetary Awards to Claimants, although the final determination of all Monetary Awards remains with the Special Master.

2. The Special Master will also establish, for tax purposes, the allocation of Monetary Awards for each Claimant to wages, interest, compensatory damages or other tax character as are appropriate based on the principles set forth in the IRS Regulations.

3. No Monetary Awards shall be mailed to any Class Member who has not completed and submitted W-4 and/or W-9 tax forms in addition to their Claim Forms, to the extent required by law or regulation.

4. There shall be no appeal from the final Monetary Awards determined by the Special Master, which shall be final and not subject to review by, or appeal to, any court, mediator, arbitrator or other judicial body, including without limitation this Court. As will be reflected in the final order approving this Settlement, Defendant, Defendant's Counsel, and Class Counsel shall have no responsibility, and may not be held liable, for any determination reached by the Special Master.

5. The total amount of the Monetary Awards shall not exceed the net amount remaining in the Settlement Fund after payment of: (i) all attorneys' fees and costs as described in Section VIII.A.2.(b); (ii) Service Awards to the Named Plaintiffs; (iii) all costs in connection with the administration of the Settlement Agreement and the Settlement Fund as described in Section VIII.A.2.(d); and (iv) applicable taxes, excluding Defendant's share of payroll taxes, as described in Section VIII.A.2.(e).

F. Class Counsel Assistance to Class Members.

1. Class Counsel shall be a consistent resource to Settlement Class Members

throughout the Settlement approval and Claims Resolution Process.

2.     Class Counsel shall answer questions from Settlement Members regarding the Claims Form, the CRP, or the Settlement in general.

3.     Class Counsel shall assist Settlement Class Members in understanding the Settlement, CRP, and in preparing their Claim Forms if timely requested by Settlement Class Members.  Attorneys from Class Counsel are available to review and assist Settlement Class Members in the preparation, review, and filing of their Claim Forms and supporting documentation, as applicable, upon timely and reasonable request from Settlement Class Members.

4.     Class Counsel will assign a staff member of its firm to act as liaison and coordinator of this Claims Resolution Process and Settlement Class Members, and Class Counsel will provide attorneys to provide timely requests for substantive assistance with Claim Forms.

5.     Class Counsel shall provide training and confidential information to the Special Master and any Neutrals retained regarding the facts, legal theories and evidentiary basis of the claims, as well as regarding the financial services industry and Financial Advisor role at Edward Jones.

G.     Confidentiality of Claims Resolution Process and Settlement Administration. Before receiving any Confidential Information, the Claims Administrator, Special Master, Neutral, and any other third-party involved in the CRP or the administration of this Settlement Agreement must sign a confidentiality agreement in a form and containing terms jointly agreed by Class Counsel and Defendant's Counsel.  Claims Forms completed by Class Members, information submitted by Class Members, the meetings with the Neutrals, and all other aspects of the Claims Resolution Process will be confidential.  Upon completion of the CRP, neither the Claims Administrator, Special Master, Neutral, nor any other third-party involved in the CRP shall provide

36

Defendant or Class Counsel with access to Claim Forms or supporting materials completed by Class Members during the CRP.

H.    Distribution of Monetary Awards.

1.    Within twenty (20) business days after the Special Master has determined Monetary Awards of Class Members (but in no event earlier than the Effective Date), the Claims Administrator shall send to each eligible Claimant: a Notice of Award and check with their Monetary Award payment.  The face of each such check shall clearly state that the check must be cashed within four (4) months.  The back of each such check to Claimants will state: "By negotiating this check and accepting payment I agree that I have waived and released the Released Parties from all Released Claims as defined in the Settlement Agreement and in the Notice in this matter.  This Release became effective on the Effective Date."  A Claimant's endorsement of a check drawn from the Settlement Fund shall serve only to re-confirm that the Claimant has discharged the Released Claims.

2.    The Claims Administrator shall retain for ten (10) years copies of each Notice of Award and Monetary Award checks negotiated by Claimants and make them available to Defendant upon notice to Class Counsel of good cause – *i.e.,* that the particular individual(s) for whom Defendant seeks this information has asserted, or has threatened to assert, a claim within the scope of the Class Member Release or Named Plaintiff Release.

3.    Any amount in the Settlement Fund that remains undistributed after a reasonable period of time after the mailing of the Notice of Award due to unsubmitted Named Plaintiff Releases, uncashed checks, and/or for any other reason, shall be distributed to 501(c)(3) organizations advancing career opportunities for African Americans including career opportunities in the financial services industry, as selected by Class Counsel.

I.    Confidentiality Regarding Amount of Monetary Award. All Claimants receiving

Monetary Awards will be required to keep the amount of their Monetary Award confidential, except that they may disclose the amount to immediate family, legal counsel, or tax advisors, or as otherwise required by law. In the event of a breach of this paragraph, Defendants may initiate an action in a court of appropriate jurisdiction and, in any such successful action, may be entitled to recover up to the full amount of the Monetary Award.

J.    <u>Non-Admissibility of Fact of Award (or Non-Award)</u>. Except to the extent that it would constitute a set off in an action for damages claimed for any period covered by this Settlement Agreement, neither the fact nor the amount of an award, nor the fact of any non-award, from the Settlement Fund shall be admissible in any other proceeding, including but not limited to this Action, for any purpose other than to enforce a Named Plaintiff Release or a Settlement Class Member Release executed or ordered in connection with this Settlement Agreement, nor shall it be deemed to be a finding as to the merits of any claim.

K.    <u>Tax Treatment</u>.

1.    <u>Qualified Tax Status and Tax Responsibilities</u>.  The Settlement Fund shall be established as a Qualified Settlement Fund within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. Section 1.468B-1, *et seq.*, and shall be administered by Class Counsel and Claims Administrator under the Court's supervision. Defendant shall hereby be deemed to have made an election under Section 468B of the Revenue Code to have the Fund treated as a "Qualified Settlement Fund." The Parties shall cooperate to ensure such treatment and shall not take a position in any filing or before any tax authority inconsistent with such treatment.

2.    <u>Payment of Federal, State, and Local Taxes</u>.  The Parties recognize that the Monetary Award to eligible Claimants will be subject to applicable tax withholding and reporting, which will be handled as follows:

(a)      The Claims Administrator shall serve as trustee of the portion of the Settlement Fund devoted to paying claims ("Claims Fund") and shall act as a fiduciary with respect to the handling, management, and distribution of the claims, including the handling of tax-related issues and payments. Specifically, the Claims Administrator shall be responsible for withholding, remitting and reporting of the Claimants' share of the payroll taxes from the Claims Fund, and Defendant shall be responsible for the employer's share of payroll taxes as set forth in this Section (b) below.

(b)      The Claims Administrator shall inform Defendant in writing of the employer's share of all taxes or contributions (*i.e.*, FUTA, SUTA, FICA and Medicare) required to be paid by Defendant. Defendant shall, within twenty (20) business days of such notice, remit all such payments to the Claims Administrator for payment to appropriate taxing authorities ("Employer Payroll Tax Payment"). Defendant shall also have no obligation to pay, and the Employer Payroll Tax Payment shall not include: (i) the employer's share of taxes and contributions pertaining to any Class Members who opt out; (ii) any tax consequence associated with Attorneys' Fees and Expenses and Service Awards; and (iii) anything other than the employer's share of payroll taxes and withholdings in connection with Monetary Awards to the Settlement Class Members.

(c)      The Special Master will establish and provide to the Claims Administrator, for tax purposes, the allocation of Monetary Awards to wage and non-wage income or other tax character as is appropriate based on the principles set forth in the IRS Regulations.

(d)      The Claims Administrator shall be responsible for the timely reporting and remitting of the Employer Payroll Tax Payment to the appropriate taxing authorities and shall take all steps necessary to correct any inaccurate calculations, including but not limited to indemnifying Defendant for any penalty arising out of an incorrect calculation and/or interest with respect to late payment of the same.

(e)      Subject to the Claims Administrator's obligation to comply with applicable laws, the Parties anticipate that any amounts designated as interest shall not be subject to withholding and shall be reported, if required, to the IRS on Form 1099-INT. The amounts paid for emotional distress, if any, shall not be subject to withholding and shall be reported to the IRS on Form 1099-MISC.

(f)      Except with respect to the Employer Payroll Tax Payment, which will be paid by Defendant, the Claims Administrator shall be responsible to satisfy from the Claims Fund any and all federal, state and local employment and withholding taxes, including, without limitation, federal and state income tax withholding, FICA, Medicare, and any state employment taxes.

(g)      The Claims Administrator shall satisfy all federal, state, local, and other

reporting requirements (including any applicable reporting with respect to attorneys' fees and other costs and expenses subject to reporting), and any and all taxes, penalties, and other obligations with respect to the payments or distributions from the Settlement Fund not otherwise addressed herein.

(h)     All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed on Defendant with respect to income earned for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal and state income tax purposes (hereinafter "Settlement Fund Taxes"), and (ii) expenses and costs incurred in connection with the operation and implementation of this Section (including, without limitation, expenses of tax attorneys and/or accountants, mailing and distribution costs, and expenses relating to filing (or failing to file) any returns described herein or otherwise required to be filed pursuant to applicable authorities) (hereinafter "Settlement Fund Tax Expenses"), shall be paid out of the Settlement Fund. Further, Settlement Fund Taxes and Settlement Fund Tax Expenses shall be treated as a cost of the administration of the Settlement Fund. The Parties hereto agree to cooperate with the Claims Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions set forth in this Section.

(i)     Other than the withholding and reporting requirements set forth in Section IX.K.2.(b), Settlement Class Members and Named Plaintiffs shall be solely responsible for the reporting and payment of any federal, state, and/or local income or other tax or any other withholdings, if any, on any of the payments made pursuant to this Settlement Agreement. Defendant makes no representations and it is understood and agreed that Defendant has made no representations as to the taxability of any portions of the payments to any Settlement Class Members, the payment of any cost or an award of attorney fees, or any payments to the Named Plaintiffs. The Notice will advise Settlement Class Members to seek their own tax advice prior to acting in response to the Notice.

L.     <u>Defendant Has No Further Obligation, Liability or Responsibility</u>. Other than Defendant's responsibility for the employer's share of payroll taxes as discussed in Section IX.K.2.(b), Defendant shall have no withholding, reporting, or any other tax reporting or payment responsibilities with regard to the Settlement Fund or its distribution to Settlement Class Members. Moreover, Defendant shall have no liability, obligation, or responsibility for the administration of the Settlement Fund, the determination of any method for disbursement, or the disbursement of

any monies from the Settlement Fund except for (1) its obligation to pay the $34 million into the Settlement Fund as described in Section VIII.A; (2) its obligation related to the Employer Payroll Tax Payment as set forth in Section IX.K.2.(b); and (3) its agreement to cooperate in providing information which is necessary for Settlement administration set forth herein. The Claims Administrator shall indemnify Defendant for any tax liability, damages, or penalties arising out of their performance of any duties required by this Settlement Agreement.

X.     **ATTORNEYS' FEES AND EXPENSES OF CLASS COUNSEL AND SERVICE AWARDS TO NAMED PLAINTIFFS**

A.     As discussed above in Section VIII.A.2, all of Class Counsel's fees and costs, including those in connection with securing Court approval of this Settlement Agreement, the Claims Resolution Process and any monitoring of this Settlement Agreement, shall be paid from the Settlement Fund, following approval of those attorneys' fees and costs by the Court. Subject to approval by the Court, Class Counsel will seek attorneys' fees of up to 25% of the Settlement Fund, plus reimbursement of reasonable costs and expenses. Defendant shall not object to Class Counsel's requests for fees and costs up to the amount stated in this paragraph.

B.     Defendant's payment of Plaintiffs' attorneys' fees, costs, and expenses from the Settlement Fund shall constitute full satisfaction of Defendant's obligation to pay any person, expert, attorney, or law firm for attorneys' fees, costs, and expenses incurred on behalf of the Settlement Class and Named Plaintiffs, and shall relieve Defendants from any other claims or liability to any other attorney or law firm or person or expert for any attorneys' fees, expenses, and costs to which any of them may claim to be entitled on behalf of the Settlement Class or any of the Named Plaintiffs that are in any way related to the Released Claims or claims released by Named Plaintiffs in their Named Plaintiff Releases.

C.     The Named Plaintiffs have invested substantial time and effort assisting Class

Counsel and serving as fiduciaries for the Settlement Class. As is standard in class litigation, Class Counsel intends to petition the Court for Service Awards to Named Plaintiffs for their efforts and service to the Settlement Class. Defendant shall not object to Plaintiffs' motion for Service Award payments up to an amount of $150,000 per Named Plaintiff.

## XI.    ENFORCEMENT AND DISPUTE RESOLUTION MECHANISMS

A.    The Parties will work diligently and in good faith to resolve all disputes that may arise between them concerning the rights, obligations, and duties of the Parties to this Agreement. In the event that the Parties cannot agree, the Parties will attempt to resolve the dispute with the facilitation of a mediator jointly agreed by the Parties. In the event that mediation is unsuccessful, then after thirty (30) days following conclusion of such mediation, either party may institute an enforcement action.

B.    Enforcement of this Agreement shall be prosecuted by the Named Plaintiffs, through Class Counsel, or Defendant only. Neither Settlement Class Members nor any third parties will have any individual rights to enforce the terms of the Settlement Agreement.

C.    Any enforcement proceedings related to or arising out of this Settlement Agreement will be resolved and adjudicated only by the Honorable Andrea R. Wood of the United States District Court for the Northern District of Illinois, or by any other judge of that Court to whom the Action subsequently may be assigned, unless otherwise provided in this Settlement Agreement.

## XII.    CONFIDENTIALITY

A.    <u>Public Comment</u>. Prior to the date of filing for Preliminary Approval as set forth in Section IV.B.1, the fact of this Settlement Agreement and all its terms shall be kept strictly confidential by the Plaintiffs and Defendant and counsel for the Parties. At all times, including but not limited to after filing for Preliminary Approval, other than necessary disclosures made to the Court, the content of the Parties' settlement negotiations, all of which are confidential, shall

continue to be held confidential by the Plaintiffs and Defendant and counsel for the Parties.

B. <u>Documents and Information Produced by Defendant and Class Counsel.</u> All proprietary and confidential documents, data, or information that have previously been provided to either Defendant or Class Counsel as of the date this Settlement Agreement is executed, or which are produced by Defendant or Class Counsel pursuant to any provision of this Settlement Agreement shall, unless otherwise agreed, be treated as, and thereafter remain, confidential. Said documents and information shall not be disclosed to anyone other than the mediator or the Court in connection with any proceeding to enforce any provision of this Settlement Agreement, or as otherwise provided in this Settlement Agreement. If third party disclosure is deemed necessary by Class Counsel or Defendant, Class Counsel or Defendant shall identify and disclose to the other party such documents and information deemed necessary to disclose at least ten (10) business days prior to filing such documents with any court, and, if a party so requests, shall seek permission to file said documents with this Court under seal.

XIII. <u>OTHER TERMS AND CONDITIONS OF SETTLEMENT</u>

A. <u>Governing Law.</u> The Parties agree that federal law shall govern the validity, construction, and enforcement of this Settlement Agreement. To the extent that it is determined that the validity, construction, or enforcement of this Settlement Agreement, or the Named Plaintiff Release thereunder pursuant to its terms is governed by state law, the substantive law of Illinois shall apply.

B. <u>Entire Agreement.</u> This Settlement Agreement, including the Exhibits hereto, contains the entire agreement and understanding of the Parties with respect to the Settlement. This Settlement Agreement does not impose any obligations on the Parties beyond the terms and conditions stated herein. Accordingly, this Settlement Agreement shall not prevent or preclude Defendant from revising its employment practices and policies or taking other personnel actions

during the term of this Settlement Agreement so long as such actions would not violate the terms of this Settlement Agreement.

C. <u>Exhibits</u>. The Exhibits referenced in this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by reference.

D. <u>Modifications</u>. Except as specifically provided for herein, this Settlement Agreement may not be amended or modified except with the express written consent of the Parties.

E. <u>Notices to Counsel</u>. All notices to counsel required or desired to be given under this Settlement Agreement shall be in writing and by overnight mail and e-mail to counsel for the respective Parties (specifically, to Linda D. Friedman for the Class and James F. Bennett of Dowd Bennett LLP for Defendant) at their respective addresses set forth below (or at such other address as any such party or counsel may designate in a subsequent notice).

F. <u>Failure to Insist on Strict Compliance</u>. The failure of any party to insist in any one or more instances on strict compliance with the terms and conditions hereof shall not be construed to be a waiver of remedies available with respect to any prior or subsequent breach.

G. <u>Settlement Agreement Binding</u>. This Settlement Agreement shall inure to the benefit of, and be binding upon, the Parties hereto and their respective heirs, dependents, executors, administrators, trustees, legal representatives, personal representatives, agents, successors and assigns; provided, however, that this Settlement Agreement shall not inure to the benefit of any third party. Settlement Class Members will not be deemed third party beneficiaries of the Settlement Agreement and will have no individual right to enforce its terms; rather, only Defendant and the Named Plaintiffs, through Class Counsel, may seek to enforce the terms of the Settlement Agreement.

H. <u>No Drafting Presumption</u>. All Parties hereto have participated, through their respective counsel, in the drafting of this Settlement Agreement and, therefore, this Settlement

Agreement shall not be construed more strictly against one party than another.

      I.     <u>Dispute as to Meaning of Agreement Terms</u>.  In the event of any dispute or disagreement with respect to the meaning, effect or interpretation of this Settlement Agreement or any Exhibit hereto, or in the event of a claimed breach of the Settlement Agreement, the Parties agree that such dispute will be resolved and adjudicated only in accordance with the dispute resolution provisions of Section XI of this Settlement Agreement.

      J.     <u>Interpretation of Terms</u>.  Whenever possible, each provision and term of this Settlement Agreement shall be interpreted in such a manner as to be valid and enforceable.

      K.     <u>Severability.</u>  Except as provided in Section IV.F.4, if after Final Approval is granted, any portion of this Settlement Agreement is subsequently judged to be unenforceable, the remainder of this Settlement Agreement shall continue to be valid and enforceable.

      L.     <u>Integration.</u> This Settlement Agreement contains the entire agreement between the Parties relating to any and all matters addressed in the Settlement Agreement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, with respect to such matters are extinguished. No rights hereunder may be waived or modified except in a writing signed by all Parties.

      M.     <u>Paragraph and Section Headings</u>.  Paragraph and section headings are for convenience of reference only and are not intended to create substantive rights or obligations.

      N.     <u>Counterparts</u>.  This Settlement Agreement may be executed in counterparts.  Each signed counterpart together with the others shall constitute the full Settlement Agreement.

      O.     <u>Agreement Binding</u>.  As of the date on which Plaintiffs and Defendant and counsel for the Parties execute this Settlement Agreement, this Settlement Agreement will be binding in all respects, unless the Court fails to approve this Settlement Agreement and the Settlement

Agreement is thus vacated.

      P.     <u>Parties' Authority</u>.  The signatories hereby represent that they are fully authorized to enter into this Settlement Agreement and to bind the Parties to the terms and conditions hereof. Plaintiffs and Defendant acknowledge that through this Settlement Agreement and its exhibits, they and the Class Members are being advised that they may consult an attorney regarding their participation in this Settlement Agreement, and the Parties acknowledge that they in fact have been represented by competent, experienced Counsel throughout all negotiations which preceded the execution of this Settlement Agreement, and this Settlement Agreement is made with the consent and advice of Class Counsel and Defendant's Counsel who have jointly prepared this Settlement Agreement.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreements as of the date set forth below:

Dated: March 16, 2021

**DOWD BENNETT LLP**

By: _James F Bennett_
James F. Bennett
John J. Rehmann, II
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105

**BRESSLER, AMERY & ROSS, P.C.**

By: _____
Brian F. Amery
Carole G. Miller
Stuart D. Roberts
2001 Park Ave., Ste. 1500
Birmingham, Alabama 35203

*Attorneys for Defendant*

**STOWELL & FRIEDMAN, LTD.**

By: _____
Linda D. Friedman
Suzanne E. Bish
George S. Robot
303 W. Madison Street,
Suite 2600
Chicago, Illinois 60606

*Attorneys for the Class*

## EXHIBIT C

[Final Notices to Class Members and Potential Class Members]

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

# NOTICE OF FINAL APPROVAL OF CLASS ACTION, SETTLEMENT, AND CLAIM FILING PROCESS.

**If you are African American and/or Black and were employed by Edward D. Jones & Co., L.P. ("Edward Jones") as a licensed, field-based Financial Advisor (as defined in the Settlement Agreement) eligible to serve Edward Jones clients and earn commissions at any time between May 24, 2014, and December 31, 2020, a class action settlement will affect your rights.**

*A federal court has authorized this notice. This is not a solicitation from a lawyer.*

- On July 12, 2021, the Honorable Judge Andrea R. Wood of the United States District Court for the Northern District of Illinois granted final approval of a proposed class action settlement in the matter *Wayne Bland, et al. v. Edward D. Jones & Co., L.P.*, Case No. 18-cv-3673.

- The purpose of this Notice is to inform you about this lawsuit, the certification of the Settlement Class, and the steps you need to take to seek a share in the distribution of the Settlement Fund.

- The Settlement provides a Settlement Fund of $34 million for a class of African American and/or Black Financial Advisors to resolve alleged claims of race discrimination and retaliation against Edward Jones. The proposed Settlement would also provide Programmatic Relief to increase opportunities for current Advisors who are African American and/or Black.

- To qualify to receive a Monetary Award, you must be African American and/or Black and you must have been employed by Edward Jones as a licensed, field-based Financial Advisor eligible to serve Edward Jones clients and earn commissions at any time between May 24, 2014, and December 31, 2020 (the "Class Period").

- You are receiving this Notice because Edward Jones's records indicate that you self-identify as "Black/African American" and you were employed by Edward Jones as a Financial Advisor at any time May 24, 2014, and December 31, 2020. If so, you are a Class Member, and you may participate in the Settlement.

- As a Settlement Class Member,[1] your legal rights are affected whether you act or not. Read this Notice carefully. For additional information, contact Class Counsel or the Claims Administrator listed below, or go to www.EdwardJonesFASettlement.com.

| Your Right to Participate in Monetary Settlement | |
|---|---|
| **Deadline for Claim Form to be <u>received</u> by the Claims Administrator in order to seek a Monetary Award from the Settlement Fund:**<br><br>**See also Section 11 below: Getting More Information** | **[Month Day], 2021** |

---

[1] A "Settlement Class Member" is a Class Member who did not opt out of the monetary portion of the Settlement.

1

- Your rights and options—**and the deadlines to exercise them**—are explained in this Notice.

458100

## <u>TABLE OF CONTENTS</u>

1. Purpose of This Notice ........................................................................................................ 3

2. Background: About the Lawsuit ......................................................................................... 3

3. Class Definition ................................................................................................................. 4

4. Summary of Settlement Terms .......................................................................................... 4

5. Release ............................................................................................................................... 5

6. How Do I Apply to Receive an Award from the Fund? ..................................................... 5

7. What If I Have Questions or Need Help Seeking Funds? ................................................... 7

8. Are There Tax Consequences for any Money I Might Get? ............................................... 7

9. The Lawyers Representing You and the Class .................................................................... 7

10. Terms and Payments Specific to the Named Plaintiffs ...................................................... 8

11. Getting More Information ................................................................................................... 8

### 1. Purpose of This Notice

The purpose of this Notice is to inform you about the steps necessary to seek a share of the Settlement Funds.

### 2. Background: About the Lawsuit

Plaintiff Wayne Bland, an African American Financial Advisor employed by Edward Jones, filed a representative charge of discrimination with the Equal Employment Opportunity Commission on November 23, 2016. On May 24, 2018, Plaintiff Bland filed a class action lawsuit alleging that Edward Jones employed Firm-wide policies and practices that harm African American Financial Advisors and result in racial disparities in pay and attrition. Over time, the lawsuit was amended to add additional individual and Class claims under federal anti-discrimination laws and to add Plaintiffs Felicia Slaton-Young and Nyisha Bell. Together Plaintiffs Bland, Slaton-Young, and Bell are called "Named Plaintiffs" because they brought the lawsuit seeking to represent a group (or "class") of similarly situated current and former African American and/or Black Financial Advisors employed by Edward Jones. The lawsuit is known as Bland, et al. v. Edward D. Jones & Co., L.P., 18-cv-3673 (N.D. Ill.).

Edward Jones denied and continues to deny all of the allegations and claims asserted in this lawsuit, including alleged liability under federal, state, or local anti-discrimination laws, and denies that the Named Plaintiffs or Class Members are entitled to any relief. The Court has not made and will not make any determination on the merits of this matter or decide who is right and who is wrong. By entering into the proposed Settlement, Edward Jones does not admit any wrongdoing.

458100

The Settlement resolves claims of race discrimination and related retaliation in compensation and other terms and conditions of employment, including claims brought or that could have been brought in the lawsuit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and 42 U.S.C. § 1981, as well as state and local anti-discrimination laws.

The Court has reviewed the Settlement and has approved it as being fair, adequate, and reasonable. The Court has authorized the Claims Administrator to distribute this Notice regarding the Settlement, and the settlement process described below will now begin.

### 3. Class Definition

You are a member of the Class affected by the Settlement if you fit within this definition:

> **All African American and/or Black field-based Financial Advisors employed by Edward Jones as Financial Advisors in the United States and were eligible to serve Edward Jones clients and earn commissions at any time between May 24, 2014, and December 31, 2020.**

If you received this Notice in a mailing addressed to you, then Edward Jones's records show that you are a Class Member, i.e., that you fit the definition above.

### 4. Summary of Settlement Terms

Edward Jones has agreed to create a Settlement Fund in the total amount of $34 million. The Settlement Fund will cover payments to Class Members, Service Awards to the Named Plaintiffs, Class Counsel's attorneys' fees and costs, taxes (excluding the employer's share of payroll taxes), and the costs of administering the Settlement Fund.

In addition to establishing the Settlement Fund, Edward Jones is taking actions designed to enhance opportunities for earnings and advancement of African American and Black FAs.

Below is a summary of the actions Edward Jones has agreed to take during the three-year period of this Settlement:

- Edward Jones will not pursue training costs against and will release in full any and all obligations of, all FAs whose Edward Jones employment terminated before January 1, 2021, for "training costs" or for payment of any alleged costs of FA training. The elimination of training cost repayment obligation for class members who terminated their employment with Edward Jones between May 24, 2014 and December 31, 2020 will result in potential savings to the class of $21,262,500.

- Edward Jones will reduce its maximum training cost recoupment from $75,000 to $50,000 on a going forward basis.

- Edward Jones's Inclusion and Diversity department will study, and report to its Enterprise Leadership Team, data regarding African American and Black FA representation at

4

Edward Jones in hiring and attrition. This report will be made on a regular basis.

- Edward Jones will create an FA Advisory Council, which will be composed of a cross-section of persons at Edward Jones, with a focus on FAs who are African American and/or Black, to meet regularly in order to identify and address issues of diversity, equality, and inclusion.

### 5. Release

As the Court granted final approval of the Settlement, all Class Members who did not opt out of the Settlement (i.e., Settlement Class Members) have released Edward Jones from all employment-related claims of race and color, discrimination, harassment, and retaliation from May 24, 2014, until December 31, 2020, even if they do not submit a Claim Form for a Monetary Award. To "release" a claim means that you cannot sue Edward Jones for any of the claims covered by the release.

### 6. How Do I Apply to Receive an Award from the Fund?

Each Settlement Class Member who has not opted out of the Settlement may be eligible for a Monetary Award from the Settlement Funds. In order to receive a Monetary Award, Settlement Class Members must fill out and submit a Claim Form, along with IRS Forms W-4 and W-9.

Settlement Class Members can choose to submit either (1) a Simple Claim Form, in order to get an Expedited Monetary Award, or (2) a Detailed Claim Form, if they want the option of an individualized assessment of their race discrimination claims.

**All Claim Forms must be received by the Claims Administrator or filed electronically by [Month Day], 2021. See Section 11 below: Getting More Information.**

Class Counsel will be available to assist Settlement Class Members with questions and in the Claims Resolution Process.

**Option A: Simple Claim Form**

The Simple Claim Form is short and requires limited information.

If you submit the Simple Claim Form and the Claims Administrator receives it by the Claims Submission Deadline, [Month Day], 2021, you will be issued your Expedited Monetary Award within 45 days of the Claims Submission Deadline.

If you elect to receive an Expedited Monetary Award, your Expedited Monetary Award will be based on the following objective factors: (i) Edward Jones Length of Service, and (ii) period of employment as an Edward Jones Financial Advisor during the Class Period.

If you complete a Simple Claim Form, you will not receive an individualized assessment of your claim or consideration of your post-Edward Jones wage losses or emotional distress. If you submit the Simple Claim Form, you agree to accept the Expedited

Monetary Award and cannot later seek an individualized assessment of your claim. Class Counsel recommends that you complete and submit a Detailed Claim Form to provide full information to the Special Master and to preserve the option to learn the amount of the Expedited Monetary Award you would receive based on the objective factors before you decide whether to elect to proceed to an individualized assessment of your legal claims.

**Option B: Detailed Claim Form**

The Detailed Claim Form is longer and requires more information about your claims and employment at Edward Jones. The only way to receive an individualized review is by timely submitting a Detailed Claim Form. The Detailed Claim Form shall be completed in its entirety, including responding to questions seeking evidence of alleged (a) race discrimination, (b) financial losses, and (c) any emotional distress. In order to seek financial recovery for any period after your employment with Edward Jones, you must submit qualified documentary evidence of post-Edward Jones income and work history. In order to seek financial recovery for alleged emotional distress, you must complete the pertinent section of the Detailed Claim Form and may submit any additional documentation you deem appropriate. If you submit a Detailed Claim Form, you will have the opportunity to decide between an Expedited Monetary Award or an individualized assessment of your claims.

If you timely submit a Detailed Claim Form, you will receive an Election Form along with a notice of the amount of the Expedited Monetary Award you would receive based on the objective factors described above in Option A. You must then elect whether to (1) accept the Expedited Monetary Award or (2) proceed to an individualized assessment of your legal claims by the Special Master. Your completed Election Form must be received, or submitted electronically, within 14 days of the date on the Election Form.

If you return the Election Form and elect to accept the Expedited Monetary Award, a check in the amount of the Expedited Monetary Award will be sent to you within 21 days after the Claims Administrator receives the Election Form and all required income tax documents.

If you reject the Expedited Monetary Award and elect for an individualized assessment, your claim form and any additional documentation you submitted will be reviewed by the Special Master and/or one or more Neutrals (independent third parties with substantial training and experience with employment discrimination claims).

The Special Master and/or Neutral(s) will then assess your claim and recommend a Monetary Award based on all available information and the individual facts and circumstances of your claim. There is no guarantee as to the amount of this Monetary Award. You may receive more or less than the Expedited Monetary Award, or you may receive no award, depending on your claim and losses.

6

Class Counsel will be available to assist Settlement Class Members in the Claims Resolution Process.

All Monetary Awards will be reviewed and approved by the Special Master appointed by the Court to make sure that awards to class members are fair and consistent. You will not have a right to challenge the allocation and distribution of the Settlement Funds determined by the Claims Resolution Process and approved by the Neutral Administrator. All Monetary Awards are final, binding, and non-appealable.

### 7. What If I Have Questions or Need Help Seeking Funds?

If you have questions or need help, you can contact the Claims Administrator or Class Counsel.

You can call the Claims Administrator at 1-877-393-1068. You may also review case information at the case website, www.EdwardJonesFASettlement.com.

You can get free help with the Claims Resolution Process by calling or writing Class Counsel at the contact number/address listed in Section 9 below.

### 8. Are There Tax Consequences for any Money I Might Get?

Yes, any award you receive from the Settlement Fund will have tax consequences for you. The Special Master will be responsible for allocating any monetary payments appropriately between different types of income (e.g., wages, interest, emotional distress). The Claims Administrator will be responsible for withholding, remitting and reporting each Class Member's share of payroll tax withholding from the Settlement Fund, and for notifying Edward Jones of the employer's share of payroll taxes and withholdings. Edward Jones will be responsible for paying Edward Jones's share of taxes and costs, including FICA, FUTA, SUTA, and Medicare, which will not be paid from the Settlement Fund. Other than Edward Jones's responsibility for the employer's share of payroll taxes, Edward Jones has no withholding, reporting, or any other tax reporting or payment responsibilities, and the Claims Administrator shall indemnify Edward Jones for any tax liability, damages, or penalties arising out of the Claims Administrator's performance of any duties required by the Settlement Agreement. Class Counsel are not tax advisors and cannot give you advice on any tax matters. Class Counsel urge you to consult your tax advisor for answers to any questions you may have about the tax implications of any potential award. Edward Jones makes and has made no representations as to the taxability of any portion of any award you receive from the Settlement Fund.

### 9. The Lawyers Representing You and the Class

As a Class Member, you are represented in this litigation by Class Counsel, led by Linda D. Friedman, Suzanne E. Bish, and George S. Robot of the law firm Stowell & Friedman, Ltd.:

Linda D. Friedman
Suzanne E. Bish
George S. Robot
**Stowell & Friedman, Ltd.**

303 W. Madison, Suite 2600
Chicago, IL 60606
Telephone: (312) 431-0888
lfriedman@sfltd.com
sbish@sfltd.com
grobot@sfltd.com

Settlement Class Members will continue to be represented by Class Counsel in connection with implementation of the Settlement at no cost to members of the Settlement Class.

**How Will the Lawyers Be Paid?**

If you are a Settlement Class Member and receive a Monetary Award from the Settlement Funds, you will not owe any fees or expenses to the lawyers who have represented you as part of the Settlement Class. To compensate Class Counsel for their services and to reimburse them for the litigation expenses they incurred in this case, the Court has awarded Class Counsel attorneys' fees and expenses to be paid from the Settlement Fund.

### 10.     Terms and Payments Specific to the Named Plaintiffs

As a Class Member, you have also been represented in this litigation by Named Plaintiffs Wayne Bland, Felicia Slaton-Young, and Nyisha Bell. The Named Plaintiffs may participate in the Settlement claims process just like any other Settlement Class Member. In addition, the Court has granted service awards of $150,000 to each of the Named Plaintiffs. This recognizes the benefits the Named Plaintiffs achieved for the Class, the risks they faced in bringing the case, and the time they spent pursuing it.

### 11.     Getting More Information

If you have further questions or still are not sure whether you are included in the Settlement Class, you can get free help at www.EdwardJonesFASettlement.com, by calling the Claims Administrator at 1-877-393-1068, or by calling or writing to Class Counsel in this case at the contact number/address listed in Section 9 above.

This Notice contains only a summary of the terms of the Settlement. For further information, the complete terms of the Settlement Agreement, and numerous other documents connected with the Settlement are available for review and/or downloading at www.EdwardJonesFASettlement.com.

Again, the important deadline is:

458100

| **Deadline for Claim Form to be <u>received</u> by the Claims Administrator in order to seek a Monetary Award from the Settlement Fund:**<br><br>**Bland v. Edward Jones**<br>**Claims Administrator**<br>**P.O. Box 5689**<br>**Portland, OR 97228-5689**<br><br>**1-855-654-0917 (Toll-Free)**<br>**Call Center Hours: 9 a.m. – 9 p.m. EST**<br>**Monday – Friday, except Holidays** | **[Month Day], 2021** |
|---|---|

**PLEASE DO NOT CALL OR CONTACT THE COURT, THE OFFICE OF THE CLERK OF COURT, OR EDWARD JONES WITH QUESTIONS REGARDING THIS NOTICE.**

9

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

# NOTICE OF FINAL APPROVAL OF CLASS ACTION, SETTLEMENT, AND CLAIM FILING PROCESS.

**If you are African American and/or Black and were employed by Edward D. Jones & Co., L.P. ("Edward Jones") as a licensed, field-based Financial Advisor (as defined in the Settlement Agreement) eligible to serve Edward Jones clients and earn commissions at any time between May 24, 2014, and December 31, 2020, a class action settlement will affect your rights.**

*A federal court has authorized this notice. This is not a solicitation from a lawyer.*

- On July 12, 2021, the Honorable Judge Andrea R. Wood of the United States District Court for the Northern District of Illinois granted final approval of a proposed class action settlement in the matter *Wayne Bland, et al. v. Edward D. Jones & Co., L.P.*, Case No. 18-cv-3673.

- You are receiving this Notice because your personnel records reflect that you self-identified as being of "Two or More Races (Not Hispanic or Latino)." If one of your races is African American and you meet the bolded Class definition above, you are a Class Member and may act to participate in the Settlement.

- The purpose of this Notice is to inform you about this lawsuit, the certification of the Settlement Class, and the steps you need to take to seek a share in the distribution of the Settlement Fund.

- The Settlement provides a Settlement Fund of $34 million for a class of African American and/or Black Financial Advisors to resolve alleged claims of race discrimination and retaliation against Edward Jones. The proposed Settlement would also provide Programmatic Relief to increase opportunities for current Advisors who are African American and/or Black.

- To qualify to receive a Monetary Award, you must be African American and/or Black and you must have been employed by Edward Jones as a licensed, field-based Financial Advisor eligible to serve Edward Jones clients and earn commissions at any time between May 24, 2014, and December 31, 2020 (the "Class Period").

- If you are a Settlement Class Member,[1] your legal rights are affected whether you act or not. Read this Notice carefully. For additional information, contact Class Counsel or the Claims Administrator listed below, or go to www.EdwardJonesFASettlement.com.

| Your Right to Participate in Monetary Settlement | |
|---|---|
| **Deadline for Claim Form and Verification Form to be <u>received</u> by the Claims Administrator in order to seek a Monetary Award from the Settlement Fund:**<br><br>**See also Section 11 below: Getting More Information** | **[Month Day], 2021** |

---

[1] A "Settlement Class Member" is a Class Member who did not opt out of the monetary portion of the Settlement.

- Your rights and options—**and the deadlines to exercise them**—are explained in this Notice.

458101

# TABLE OF CONTENTS

1. Purpose of This Notice ................................................................................................. 3
2. Background: About the Lawsuit .................................................................................. 3
3. Class Definition .......................................................................................................... 4
4. Summary of Settlement Terms ................................................................................... 4
5. Release ........................................................................................................................ 5
6. How Do I Apply to Receive an Award from the Fund? ............................................. 5
7. What If I Have Questions or Need Help Seeking Funds? ........................................... 7
8. Are There Tax Consequences for any Money I Might Get? ....................................... 7
9. The Lawyers Representing You and the Class ............................................................ 8
10. Terms and Payments Specific to the Named Plaintiffs ............................................. 8
11. Getting More Information ........................................................................................... 9

## 1. Purpose of This Notice

The purpose of this Notice is to inform you about the steps necessary to seek a share of the Settlement Funds.

## 2. Background: About the Lawsuit

Plaintiff Wayne Bland, an African American Financial Advisor employed by Edward Jones, filed a representative charge of discrimination with the Equal Employment Opportunity Commission on November 23, 2016. On May 24, 2018, Plaintiff Bland filed a class action lawsuit alleging that Edward Jones employed Firm-wide policies and practices that harm African American Financial Advisors and result in racial disparities in pay and attrition. Over time, the lawsuit was amended to add additional individual and Class claims under federal anti-discrimination laws and to add Plaintiffs Felicia Slaton-Young and Nyisha Bell. Together Plaintiffs Bland, Slaton-Young, and Bell are called "Named Plaintiffs" because they brought the lawsuit seeking to represent a group (or "class") of similarly situated current and former African American and/or Black Financial Advisors employed by Edward Jones. The lawsuit is known as Bland, et al. v. Edward D. Jones & Co., L.P., 18-cv-3673 (N.D. Ill.).

Edward Jones denied and continues to deny all of the allegations and claims asserted in this lawsuit, including alleged liability under federal, state, or local anti-discrimination laws, and denies that the Named Plaintiffs or Class Members are entitled to any relief. The Court has not made and will not make any determination on the merits of this matter or decide who is right and who is wrong. By entering into the proposed Settlement, Edward Jones does not admit any wrongdoing.

458101

The Settlement resolves claims of race discrimination and related retaliation in compensation and other terms and conditions of employment, including claims brought or that could have been brought in the lawsuit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and 42 U.S.C. § 1981, as well as state and local anti-discrimination laws.

The Court has reviewed the Settlement and has approved it as being fair, adequate, and reasonable. The Court has authorized the Claims Administrator to distribute this Notice regarding the Settlement, and the settlement process described below will now begin.

### 3.    Class Definition

You are a member of the Class affected by the Settlement if you fit within this definition:

> **All African American and/or Black field-based Financial Advisors employed by Edward Jones as Financial Advisors in the United States and were eligible to serve Edward Jones clients and earn commissions at any time between May 24, 2014, and December 31, 2020.**

If you received this Notice in a mailing addressed to you, then Edward Jones's records show that you may be a Class Member, i.e., that you fit the definition above. If you fit the definition above, you are a Class Member, and you have legal rights and options that you may exercise as part of this settlement. All potential Class Members must submit a verification form in order to be eligible to participate in the Settlement (see paragraph 6, below).

### 4.    Summary of Settlement Terms

Edward Jones has agreed to create a Settlement Fund in the total amount of $34 million. The Settlement Fund will cover payments to Class Members, Service Awards to the Named Plaintiffs, Class Counsel's attorneys' fees and costs, taxes (excluding the employer's share of payroll taxes), and the costs of administering the Settlement Fund.

In addition to establishing the Settlement Fund, Edward Jones is taking actions designed to enhance opportunities for earnings and advancement of African American and Black FAs.

Below is a summary of the actions Edward Jones has agreed to take during the three-year period of this Settlement:

- Edward Jones will not pursue training costs against and will release in full any and all obligations of, all FAs whose Edward Jones employment terminated before January 1, 2021, for "training costs" or for payment of any alleged costs of FA training. The elimination of training cost repayment obligation for class members who terminated their employment with Edward Jones between May 24, 2014 and December 31, 2020 will result in potential savings to the class of $21,262,500.

- Edward Jones will reduce its maximum training cost recoupment from $75,000 to $50,000 on a going forward basis.

4

- Edward Jones's Inclusion and Diversity department will study, and report to its Enterprise Leadership Team, data regarding African American and Black FA representation at Edward Jones in hiring and attrition. This report will be made on a regular basis.

- Edward Jones will create an FA Advisory Council, which will be composed of a cross-section of persons at Edward Jones, with a focus on FAs who are African American and/or Black, to meet regularly in order to identify and address issues of diversity, equality, and inclusion.

### 5.  Release

As the Court granted final approval of the Settlement, all Class Members who did not opt out of the Settlement (i.e., Settlement Class Members) have released Edward Jones from all employment-related claims of race and color, discrimination, harassment, and retaliation from May 24, 2014, until December 31, 2020, even if they do not submit a Claim Form for a Monetary Award. To "release" a claim means that you cannot sue Edward Jones for any of the claims covered by the release.

### 6.  How Do I Apply to Receive an Award from the Fund?

If you fit the Class definition and want to participate in the Settlement, you must fill out and mail a Verification Form, swearing under oath and under penalty of perjury that you meet the Class definition and therefore are a Class Member. If you do not fill out and mail the Verification Form, you will not be eligible to receive a Monetary Award. **If you have not already signed and mailed a Verification Form to the Claims Administrator, you must also fill out, sign under penalty of perjury, and submit a Verification Form to the Claims Administrator at the following address:**

**Bland v. Edward Jones**
**Claims Administrator**
**P.O. Box 5689**
**Portland, OR 97228-5689**

If you fill out, sign, and submit the attached Verification Form, you will become a Settlement Class Member and be eligible to participate in the Settlement. Each Settlement Class Member may be eligible for a Monetary Award from the Settlement Funds. In order to receive a Monetary Award, Settlement Class Members must fill out and submit a Claim Form, along with IRS Forms W-4 and W-9.

Settlement Class Members can choose to submit either (1) a Simple Claim Form, in order to get an Expedited Monetary Award, or (2) a Detailed Claim Form, if they want the option of an individualized assessment of their race discrimination claims.

**All Verification Forms and Claim Forms must be <u>received</u> by the Claims Administrator or filed electronically by [Month Day], 2021. See Section 11 below: Getting More Information.**

Class Counsel will be available to assist Settlement Class Members with questions and in the Claims Resolution Process.

**Option A: Simple Claim Form**

The Simple Claim Form is short and requires limited information.

If you submit the Simple Claim Form and the Claims Administrator receives it by the Claims Submission Deadline, [Month Day], 2021, you will be issued your Expedited Monetary Award within 45 days of the Claims Submission Deadline.

If you elect to receive an Expedited Monetary Award, your Expedited Monetary Award will be based on the following objective factors: (i) Edward Jones Length of Service, and (ii) period of employment as an Edward Jones Financial Advisor during the Class Period.

If you complete a Simple Claim Form, you will not receive an individualized assessment of your claim or consideration of your post-Edward Jones wage losses or emotional distress. If you submit the Simple Claim Form, you agree to accept the Expedited Monetary Award and cannot later seek an individualized assessment of your claim. Class Counsel recommends that you complete and submit a Detailed Claim Form to provide full information to the Special Master and to preserve the option to learn the amount of the Expedited Monetary Award you would receive based on the objective factors before you decide whether to elect to proceed to an individualized assessment of your legal claims.

**Option B: Detailed Claim Form**

The Detailed Claim Form is longer and requires more information about your claims and employment at Edward Jones. The only way to receive an individualized review is by timely submitting a Detailed Claim Form. The Detailed Claim Form shall be completed in its entirety, including responding to questions seeking evidence of alleged (a) race discrimination, (b) financial losses, and (c) any emotional distress. In order to seek financial recovery for any period after your employment with Edward Jones, you must submit qualified documentary evidence of post-Edward Jones income and work history. In order to seek financial recovery for alleged emotional distress, you must complete the pertinent section of the Detailed Claim Form and may submit any additional documentation you deem appropriate. If you submit a Detailed Claim Form, you will have the opportunity to decide between an Expedited Monetary Award or an individualized assessment of your claims.

If you timely submit a Detailed Claim Form, you will receive an Election Form along with a notice of the amount of the Expedited Monetary Award you would receive based on the objective factors described above in Option A. You must then elect whether to (1) accept the Expedited Monetary Award or (2) proceed to an individualized assessment of your legal claims by the Special Master. Your completed Election Form must be received, or submitted electronically, within 14 days of the date on the Election Form.

If you return the Election Form and elect to accept the Expedited Monetary Award, a check in the amount of the Expedited Monetary Award will be sent to you within 21 days after the Claims Administrator receives the Election Form and all required income tax documents.

If you reject the Expedited Monetary Award and elect for an individualized assessment, your claim form and any additional documentation you submitted will be reviewed by the Special Master and/or one or more Neutrals (independent third parties with substantial training and experience with employment discrimination claims).

The Special Master and/or Neutral(s) will then assess your claim and recommend a Monetary Award based on all available information and the individual facts and circumstances of your claim. There is no guarantee as to the amount of this Monetary Award. You may receive more or less than the Expedited Monetary Award, or you may receive no award, depending on your claim and losses.

Class Counsel will be available to assist Settlement Class Members in the Claims Resolution Process.

All Monetary Awards will be reviewed and approved by the Special Master appointed by the Court to make sure that awards to class members are fair and consistent. You will not have a right to challenge the allocation and distribution of the Settlement Funds determined by the Claims Resolution Process and approved by the Neutral Administrator. All Monetary Awards are final, binding, and non-appealable.

### 7. What If I Have Questions or Need Help Seeking Funds?

If you have questions or need help, you can contact the Claims Administrator or Class Counsel.

You can call the Claims Administrator at 1-877-393-1068. You may also review case information at the case website, www.EdwardJonesFASettlement.com.

You can get free help with the Claims Resolution Process by calling or writing Class Counsel at the contact number/address listed in Section 9 below.

### 8. Are There Tax Consequences for any Money I Might Get?

Yes, any award you receive from the Settlement Fund will have tax consequences for you. The Special Master will be responsible for allocating any monetary payments appropriately between different types of income (e.g., wages, interest, emotional distress). The Claims Administrator will be responsible for withholding, remitting and reporting each Class Member's share of payroll tax withholding from the Settlement Fund, and for notifying Edward Jones of the employer's share of payroll taxes and withholdings. Edward Jones will be responsible for paying Edward Jones's share of taxes and costs, including FICA, FUTA, SUTA, and Medicare, which will not be paid from the Settlement Fund. Other than Edward Jones's responsibility for the employer's share of payroll taxes, Edward Jones has no withholding, reporting, or any other tax

7

reporting or payment responsibilities, and the Claims Administrator shall indemnify Edward Jones for any tax liability, damages, or penalties arising out of the Claims Administrator's performance of any duties required by the Settlement Agreement. Class Counsel are not tax advisors and cannot give you advice on any tax matters. Class Counsel urge you to consult your tax advisor for answers to any questions you may have about the tax implications of any potential award. Edward Jones makes and has made no representations as to the taxability of any portion of any award you receive from the Settlement Fund.

### 9. The Lawyers Representing You and the Class

As a Class Member, you are represented in this litigation by Class Counsel, led by Linda D. Friedman, Suzanne E. Bish, and George S. Robot of the law firm Stowell & Friedman, Ltd.:

Linda D. Friedman
Suzanne E. Bish
George S. Robot
**Stowell & Friedman, Ltd.**
303 W. Madison, Suite 2600
Chicago, IL 60606
Telephone: (312) 431-0888
lfriedman@sfltd.com
sbish@sfltd.com
grobot@sfltd.com

Settlement Class Members will continue to be represented by Class Counsel in connection with implementation of the Settlement at no cost to members of the Settlement Class.

**How Will the Lawyers Be Paid?**

If you are a Settlement Class Member and receive a Monetary Award from the Settlement Funds, you will not owe any fees or expenses to the lawyers who have represented you as part of the Settlement Class. To compensate Class Counsel for their services and to reimburse them for the litigation expenses they incurred in this case, the Court has awarded Class Counsel attorneys' fees and expenses to be paid from the Settlement Fund.

### 10. Terms and Payments Specific to the Named Plaintiffs

As a Class Member, you have also been represented in this litigation by Named Plaintiffs Wayne Bland, Felicia Slaton-Young, and Nyisha Bell. The Named Plaintiffs may participate in the Settlement claims process just like any other Settlement Class Member. In addition, the Court has granted service awards of $150,000 to each of the Named Plaintiffs. This recognizes the benefits the Named Plaintiffs achieved for the Class, the risks they faced in bringing the case, and the time they spent pursuing it.

458101

### 11. Getting More Information

If you have further questions or still are not sure whether you are included in the Settlement Class, you can get free help at www.EdwardJonesFASettlement.com, by calling the Claims Administrator at 1-877-393-1068, or by calling or writing to Class Counsel in this case at the contact number/address listed in Section 9 above.

This Notice contains only a summary of the terms of the Settlement. For further information, the complete terms of the Settlement Agreement, and numerous other documents connected with the Settlement are available for review and/or downloading at www.EdwardJonesFASettlement.com.

Again, the important deadline is:

| | |
|---|---|
| **Deadline for Claim Form and Verification Form to be <u>received</u> by the Claims Administrator in order to seek a Monetary Award from the Settlement Fund:**<br><br>**Bland v. Edward Jones**<br>**Claims Administrator**<br>**P.O. Box 5689**<br>**Portland, OR 97228-5689**<br><br>**1-855-654-0917 (Toll-Free)**<br>**Call Center Hours: 9 a.m. – 9 p.m. EST**<br>**Monday – Friday, except Holidays** | **[Month Day], 2021** |

**PLEASE DO NOT CALL OR CONTACT THE COURT, THE OFFICE OF THE CLERK OF COURT, OR EDWARD JONES WITH QUESTIONS REGARDING THIS NOTICE.**

458101